KEKER, VAN NEST & PETERS LLP
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@keker.com
JESSELYN K. FRILEY - # 319198
jfriley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
UPCOUNSEL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LEGALFORCE RAPC WORLDWIDE, P.C.; and LEGALFORCE, INC.,

Plaintiffs,

v.

UPCOUNSEL, INC.; and DOES 1-1000, INCLUSIVE,

Defendants.

Case No. 4:18-cv-02573-YGR

**NOTICE OF MOTION AND MOTION TO DISMISS**

Date: August 28, 2018

Time: 2:00 p.m.

Judge: Hon. Yvonne Gonzalez Rogers

Date Filed: May 2, 2018

# TABLE OF CONTENTS

I. INTRODUCTION ....1
II. BACKGROUND ....2
A. Allegations in the Complaint ....2
B. Procedural History ....3
III. LEGAL STANDARDS ....3
IV. ARGUMENT ....4
A. The Complaint should be dismissed for lack of standing. ....4
i. Plaintiffs' Declaratory Judgment Act claim fails for lack of Article III standing. ....5
ii. Plaintiffs' Lanham Act, FAL, and UCL claims fail for lack of Article III standing. ....6
iii. Under the doctrine of primary jurisdiction, this action should not proceed in court. ....6
B. The Complaint must be dismissed for failure to state a claim. ....7
i. Plaintiffs' Lanham Act claim fails because the Complaint does not allege any false or misleading statements. ....7
ii. Plaintiffs' Lanham Act claim fails because they have not alleged proximate causation of an injury ....9
iii. Plaintiffs' FAL claim fails because they do not have statutory standing. ....10
iv. Plaintiffs' UCL claim fails because they do not have statutory standing and fail to otherwise state a claim. ....10
C. Plaintiffs seek a remedy that is not available under the UCL. ....12
D. The Complaint should be dismissed with prejudice. ....12
V. CONCLUSION ....12

**TABLE OF AUTHORITIES**

**Federal Cases**

*Acad. Of Motion Picture Arts & Sciences v. GoDaddy.com, Inc.*
2015 WL 5311085 (C.D. Cal. Sept. 10, 2015) .......... 8

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 3, 4

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1988) .......... 3

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) .......... 3

*Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service Inc.*
911 F.2d 242 (9th Cir. 1990) .......... 7

*Hadley v. Kellogg Sales Co.*
243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017) .......... 11

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009) .......... 4

*Kendall v. Visa U.S.A., Inc.*
518 F.3d 1042 (9th Cir. 2008) .......... 12

*L.A. Taxi Coop, Inc. v. Uber Techs, Inc.*
114 F. Supp. 3d 852, 864 (N.D. Cal. July 17, 2015) .......... 7, 8

*LegalForce RAPC, Inc. v. Trademark Information International LLC*
No. 3:17-cv-07354-MMC, Dkt. 57 at *8 (N.D. Cal. May 25, 2018) .......... 2

*LegalForce RAPC Worldwide, P.C. et al v. Cheie et al*
No. 3:18-cv-00127-MMC (N.D. Cal. Jan. 5, 2018) .......... 1

*LegalForce RAPC Worldwide, P.C. et al v. Demassa*
No. 3:18-cv-00043-MMC (N.D. Cal. Jan. 3, 2018) .......... 1

*LegalForce RAPC Worldwide, P.C. et al v. FileMy, LLC et al*
No. 3:17-cv-07331-MMC (N.D. Cal. Dec. 27, 2017) .......... 1

*LegalForce RAPC Worldwide, P.C. et al v. LegalZoom.Com, Inc. et al*
No. 3:17-cv-07194-MMC (N.D. Cal. Dec. 19, 2017) .......... 1

*LegalForce RAPC Worldwide, P.C. et al v. MyCorporation Business Services, Inc. et al*
No. 3:18-cv-00142-MMC (N.D. Cal. Jan. 8, 2018) .......... 1

*LegalForce RAPC Worldwide, P.C. et al v. Swyers et al*
No. 3:17-cv-07318-MMC (N.D. Cal. Dec. 27, 2017) .......... 1, 2, 6, 8, 9

*LegalForce RAPC Worldwide, P.C. et al v. Swyers et al*
No. 3:17-cv-07318-MMC, Dkt. 76 at *19 (N.D. Cal. July 17, 2018) .......... 2

*LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al*
No. 3:17-cv-07303-MMC (N.D. Cal. Dec. 16, 2017)................................................ 1, 2, 9, 10

*LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al*
No. 3:17-cv-07303-MMC, Dkt. 106 at *11 (N.D. Cal. July 19, 2018) .................................... 2

*LegalForce RAPC Worldwide, P.C. et al v. Trademarks Information International LLC et al*
No. 3:17-cv-07354-MMC (N.D. Cal. Dec. 28, 2017).............................................................. 1

*Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*
884 F.2d 504 (9th Cir. 1989) ................................................................................................. 11

*Lexmark Int'l Inc. v. Static Control Components, Inc.*
134 S. Ct. 1377 (2014)............................................................................................................ 9

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992)................................................................................................................. 6

*Mattel, Inc. v. MCA Records, Inc.*
296 F.3d 894 (9th Cir. 2002) ................................................................................................... 7

*MedImmune, Inc. v. Genentech, Inc.*
549 U.S. 118 (2007)................................................................................................................. 5

*Moore v. Mars Petcare US, Inc.*
2017 WL 2931154 (N.D. Cal. July 10, 2017).......................................................................... 4

*Muhammad v. Berreth*
2012 WL 4838427 (N.D. Cal. Oct. 10, 2012).......................................................................... 5

*Pareto v. FDIC*
139 F.3d 696 (9th Cir. 1998) ................................................................................................... 3

*Shell Gulf of Mexico, Inc. v. Ctr. For Biological Diversity, Inc.*
771 F.3d 632 (9th Cir. 2014) ............................................................................................... 5, 6

*Southland Sod Farms v. Stover Seed Co.*
108 F.3d 1134 (9th Cir. 1997) ................................................................................................. 8

*Spokeo, Inc. v. Robins*
136 S. Ct. 1540 (2016)............................................................................................................. 4

*Syntek Semiconductor Co., Ltd. v. Microchip Technology Inc.*
307 F.3d 775 (9th Cir. 2002) .................................................................................................... 6

*Two Jinn, Inc. v. Government Payment Service, Inc.*
2010 WL 1329077 (S.D. Cal. Apr. 1, 2010)............................................................................. 6

*United States v. Western Pac. R. Co.*
352 U.S. 59 (1956).................................................................................................................... 6

*Vess v. Ciba-Geigy Corp. USA*
317 F.3d 1097 (9th Cir. 2003) ............................................................................................. 4, 9

**State Cases**

*Brown v. Grimes*
120 Cal. 3d 893 (Ct. App. 2011) ... 11

*Farmers Ins. Exchange v. Superior Court*
2 Cal. 4th 377 (1992) ... 7

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal.4th 1134 (2003) ... 12

*Kwikset Corp. v. Superior Court*
51 Cal. 4th 310 (2011) ... 10, 11

*Madrid v. Perot Sys. Corp.*
130 Cal. App. 4th 440 (2005) ... 12

**Federal Statutes**

15 U.S.C. § 1125(a)(1)(B) ... 7

28 U.S.C. § 2201 ... 5

**State Statutes**

Cal. Bus. & Prof. Code § 6126 ... 11

**Federal Rules**

Fed. R. Civ. Proc. 12(b)(1) ... 4

Fed. R. Civ. Proc. 9(b) ... 4, 9

**State Rules**

California Rules of Professional Conduct 1-320 and 1-400 ... 11

**Federal Regulations**

37 C.F.R. § 11.19(a) ... 7

37 C.F.R. §§ 11.504 ... 11

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 28, 2018, at 2:00 p.m, or as soon thereafter as this matter may be heard, in Courtroom 1 of the United States District Court for the Northern District of California, located at 1301 Clay St., Oakland, CA, UpCounsel, Inc. ("UpCounsel") will, and hereby does, move under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") to dismiss Plaintiffs' Complaint, filed on May 2, 2018. This motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers on file in this matter; and such other matters as may be presented to the Court at the hearing. UpCounsel seeks dismissal of the entire Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**ISSUES TO BE DECIDED**

1. Have Plaintiffs failed to allege Article III standing?
2. Have Plaintiffs otherwise failed to state a claim such that dismissal is required under Rule 12(b)(6) of the Federal Rules of Civil Procedure?

## I. INTRODUCTION

Plaintiffs' Complaint tells the story of two web-based platforms in the legal services industry. After getting an early start, Plaintiffs LegalForce RAPC Worldwide, P.C. and LegalForce, Inc. saw their market share decline, their assets lose value, and their opportunities for venture funding disappear. Meanwhile, since its inception, Defendant UpCounsel's legal services platform has expanded into several states and raised millions of dollars in venture capital. Plaintiffs would like to blame UpCounsel for their business troubles—as they have done in eight similar lawsuits against other alleged competitors.[1] But the Complaint fails to connect Plaintiffs' failure to any act by UpCounsel. Plaintiffs do not, and cannot, allege that UpCounsel has hindered competition or harmed Plaintiffs in any way. Accordingly, the Complaint must be dismissed.

UpCounsel facilitates collaboration and communication between legal professionals and those seeking legal assistance.[2] Plaintiffs LegalForce RAPC Worldwide, P.C., and LegalForce, Inc. allege that UpCounsel uses advertising and fees to compete unfairly. They also believe that UpCounsel violates the rules of the State Bar of California and the United States Patent and Trademark Office (USPTO). But their conclusory allegations do not add up to any legal right against UpCounsel. Plaintiffs seek to achieve through litigation the competitive edge that eludes them in the marketplace. In filing this lawsuit, it is Plaintiffs, not UpCounsel, who are trying to bend the rules.

The Court should not stand for it for several independent reasons. *First*, Plaintiffs' Declaratory Judgment Act claim should be dismissed because UpCounsel cannot provide the

---

[1] *LegalForce RAPC Worldwide, P.C. et al v. LegalZoom.Com, Inc. et al*, No. 3:17-cv-07194-MMC (N.D. Cal. Dec. 19, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al*, No. 3:17-cv-07303-MMC (N.D. Cal. Dec. 16, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Swyers et al*, No. 3:17-cv-07318-MMC (N.D. Cal. Dec. 27, 2017); *LegalForce RAPC Worldwide, P.C. et al v. FileMy, LLC et al*, No. 3:17-cv-07331-MMC (N.D. Cal. Dec. 27, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Trademarks Information International LLC et al*, No. 3:17-cv-07354-MMC (N.D. Cal. Dec. 28, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Demassa*, No. 3:18-cv-00043-MMC (N.D. Cal. Jan. 3, 2018); *LegalForce RAPC Worldwide, P.C. et al v. Cheie et al*, No. 3:18-cv-00127-MMC (N.D. Cal. Jan. 5, 2018); *LegalForce RAPC Worldwide, P.C. et al v. MyCorporation Business Services, Inc. et al*, No. 3:18-cv-00142-MMC (N.D. Cal. Jan. 8, 2018).

[2] Plaintiffs also filed suit against several of UpCounsel's attorney users, but voluntarily dismissed their claims against these individuals on July 20, 2018. Dkt. 24.

relief sought by Plaintiffs—namely, permission from the State Bar and USPTO to operate their businesses in a certain way. Furthermore, Plaintiffs cannot invoke the Declaratory Judgment Act without stating a claim for a separate cause of action under federal law, which they have failed to do. *Second*, Plaintiffs do not have Article III standing to assert claims under the Lanham Act, California's False Advertising Law (FAL), and California's Unfair Competition Law (UCL). To establish Article III standing, Plaintiffs must identify a concrete injury proximately caused by UpCounsel's conduct. They have failed to do so. *Third*, Plaintiffs fail to allege statutory standing under the FAL and UCL. *Fourth*, several essential elements of Plaintiffs' Lanham Act and UCL claims are missing.

No amendment can save this Complaint. It is one of at least nine that Plaintiffs have filed against different alleged competitors.[3] Each one blames the defendant(s) for Plaintiffs' loss of business and declining market share. A court in this District has already dismissed four of these complaints in their entirety for failing to allege standing and to state a claim.[4] Here too, Plaintiffs do not have a viable cause of action against UpCounsel. The Court should dismiss this lawsuit with prejudice because amendment would be futile.

## II. BACKGROUND

### A. Allegations in the Complaint

UpCounsel is a platform that connects legal professionals with individuals seeking legal assistance. California attorney Raj Abhyanker started both plaintiff companies (Plaintiffs) well before UpCounsel launched. Compl. ¶¶ 23-26. LegalForce RAPC Worldwide, P.C. is a law firm solely owned by Abhyanker. In turn, LegalForce RAPC is an equity investor in LegalForce, Inc., which does business as Trademarkia. Abhyanker is the CEO and co-founder of LegalForce, Inc. LegalForce RAPC practices trademark law before the USPTO, while Trademarkia offers

---

[3] *See supra* n.1.

[4] *See LegalForce RAPC Worldwide, P.C. v. LegalZoom.com, Inc.*, 3:17-cv-07194-MMC, Dkt. 103 at *4 (Apr. 10, 2018); *LegalForce RAPC, Inc. v. Trademark Information International LLC*, No. 3:17-cv-07354-MMC, Dkt. 57 at *8 (N.D. Cal. May 25, 2018) (hereafter *Trademark Info.*); *LegalForce RAPC Worldwide, P.C. et al v. Swyers et al*, No. 3:17-cv-07318-MMC, Dkt. 76 at *19 (N.D. Cal. July 17, 2018) (hereafter *Swyers*); *LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al*, No. 3:17-cv-07303-MMC, Dkt. 106 at *11 (N.D. Cal. July 19, 2018) (hereafter *Trademark Engine*).

trademark search services and refers customers to LegalForce for trademark filings.

Plaintiffs allege that despite their "early start," they have lost "a good percentage of consumers" to UpCounsel. Compl. ¶¶ 45, 49. They claim that UpCounsel unfairly competes by charging processing fees to users of their platform and by purchasing Internet advertising. *Id.* ¶¶ 46, 49. Plaintiffs further allege that UpCounsel's fees, which include a processing fee paid by customers and a "success fee" paid by attorney users, are misleading. *Id.* ¶¶ 30-31. Based on these allegations, Plaintiffs bring claims under: 1) the Declaratory Judgment Act, 2) the Lanham Act, 3) California's FAL, and 4) California's UCL. None of these claims meet the required pleading standards under Rule 8 and Rule 9(b).

### B. Procedural History

Plaintiffs filed the Complaint on May 2, 2018. By that time, they had already filed multiple lawsuits against eight other legal tech companies and individual defendants. Three users of UpCounsel's platform were originally named as defendants here, but Plaintiffs voluntarily dismissed the individual defendants on July 20, 2018. Dkt. 24.

## III. LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-66 (2007); Fed. R. Civ. P. 12(b)(6). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Although the Court must accept material factual allegations as true, the Court must determine whether Plaintiffs have pled such facts or simply alleged conclusions. Pleadings that are "no more than conclusions[] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555); *see also Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations . . . and unwarranted inferences" are insufficient). Allegations that are merely the "formulaic recitation of the elements of a cause of

action will not do." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Lanham Act, FAL, and UCL claims that allege "intentional or knowing misrepresentations," like those at issue here, are subject to an even higher pleading standard. *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009). These claims "sound in fraud" and thus fall under Federal Rule of Civil Procedure 9(b). *See id.*; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Moore v. Mars Petcare US, Inc.*, 2017 WL 2931154, at *2 (N.D. Cal. July 10, 2017). Rule 9(b) requires plaintiffs to plead the "who, what, when, where, and how" of the alleged misconduct. *Vess*, 317 F.3d at 1106.

Finally, Article III limits the subject matter jurisdiction of federal courts to cases or controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Accordingly, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* A complaint that fails to plead Article III standing must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. Proc. 12(b)(1).

## IV. ARGUMENT

As they do in each of their lawsuits, Plaintiffs blame an alleged competitor for their own failure to keep up in the market for legal services. But UpCounsel is not responsible for the fact that Plaintiffs "continue to be unable to attract venture capital" or that they "will not be able to scale revenues faster and achieve an inflection point before a next round of funding." Compl. ¶ 79. UpCounsel did not create—and cannot change—the regulatory environment that is allegedly holding Plaintiffs back. This Court cannot give Plaintiffs the competitive edge they desire.

### A. The Complaint should be dismissed for lack of standing.

Plaintiffs have failed to allege subject matter jurisdiction for two reasons. First, Plaintiffs do not have standing to bring a claim under the Declaratory Judgment Act. Moreover, they cannot invoke the Declaratory Judgment Act without stating a claim for a separate cause of action under federal law, which they have failed to do. Second, Plaintiffs do not have Article III standing to assert their Lanham Act, FAL, and UCL claims because they have not alleged a concrete injury that is fairly traceable to UpCounsel's conduct.

**i. Plaintiffs' Declaratory Judgment Act claim fails for lack of Article III standing.**

Plaintiffs seek "a foundational determination as to whether UpCounsel is subject to fee sharing and solicitation rules of the State Bar of California," Compl. ¶ 53, as well as a declaration that "Raj Abhyanker is permitted to operate a legal marketplace website similar to UpCounsel." *Id.* ¶ 54. Declaratory relief is a remedy, not an independent cause of action. 28 U.S.C. § 2201. A claim under the Declaratory Judgment Act does not confer federal jurisdiction, but rather must be pleaded alongside an underlying claim alleging a separate federal right. *Muhammad v. Berreth*, 2012 WL 4838427, at *5 (N.D. Cal. Oct. 10, 2012). As demonstrated below, Plaintiffs fail to plead a valid federal claim against UpCounsel. The Declaratory Judgment Act claim must therefore be dismissed for lack of subject matter jurisdiction. *See LegalZoom* at *2 (dismissing Declaratory Judgment Act claim).

Even if they had stated an underlying claim, Plaintiffs have not alleged an actual controversy ***between Plaintiffs and UpCounsel.*** A plaintiff has Article III standing to bring a declaratory judgment claim only if he alleges "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Here, Plaintiffs ask for declarations related to their and UpCounsel's business practices under the USPTO's and California State Bar's respective rules of professional conduct. *See* Compl. ¶ 54. This is not a "substantial controversy" between Plaintiffs and UpCounsel. If anything, it is a disagreement with the enforcement policies of the State Bar of California and the United States Patent and Trademark Office. UpCounsel does not have the power to set these policies, so there is no "immediacy and reality to warrant . . . a declaratory judgment." *See MedImmune*, 549 U.S. at 127. Such a judgment would be meaningless.

Finally, to determine whether parties have "adverse legal interests," a court must "identify the law underlying the request for a declaratory judgment." *Shell Gulf of Mexico, Inc. v. Ctr. For Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014). Plaintiffs invoke the rules of professional conduct of the California Bar and the USPTO, but those rules do not provide for a right of action between private parties. Instead, they set forth procedures for filing complaints for

action by the patent bar or the state bar. *See infra* n.8. The relevant "adverse legal interests" are thus between Plaintiffs and the USPTO and California Bar—not between Plaintiffs and UpCounsel. *See id*. There is thus no basis for declaratory relief in this case.

**ii. Plaintiffs' Lanham Act, FAL, and UCL claims fail for lack of Article III standing.**

Plaintiffs' remaining claims also fail for lack of Article III standing. To satisfy this requirement, a plaintiff must allege a "concrete and particularized" injury that is "fairly traceable" to the defendant's challenged conduct and likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs' alleged injuries—"decline in market share," "lost asset value," "loss of venture capital," "lost sales," —are neither concrete nor fairly traceable to UpCounsel. Plaintiffs do not identify any business they lost to UpCounsel, alleging instead that "[b]ut for the misleading advertisements and unfair competition . . . a good percentage of consumers" likely would have chosen Plaintiffs over UpCounsel. Compl. ¶ 49. This is not enough. *See Two Jinn, Inc. v. Government Payment Service, Inc.*, 2010 WL 1329077, at *2-3 (S.D. Cal. Apr. 1, 2010). The most specific allegation is that Plaintiffs' "cost per click and total advertising [sic] attract trademark clients has gone up by approximately 30% as a consequence of UpCounsel's conduct." Compl. ¶ 51. But there are no ***facts*** supporting that allegation or tracing it to UpCounsel. Plaintiffs thus fail to allege a concrete injury that is fairly traceable to UpCounsel. *See Swyers* at *4-5, *17 (holding that Plaintiffs lacked standing because they "d[id] not allege any facts to support a finding that LegalForce has lost revenue or otherwise been harmed").

**iii. Under the doctrine of primary jurisdiction, this action should not proceed in court.**

In the alternative, if the Court holds that Plaintiffs' claims are "cognizable in the courts," it should decline to decide them under the doctrine of primary jurisdiction. *United States v. Western Pac. R. Co.*, 352 U.S. 59, 64 (1956). That doctrine applies "whenever enforcement of [a] claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Id.* In such instances, "decisionmaking responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co., Ltd. v. Microchip Technology Inc.*, 307 F.3d 775, 780 (9th Cir. 2002). The

USPTO and the California Bar have the expertise and authority to interpret and enforce their own Rules of Professional Conduct. See Cal. R. Prof. Conduct 1-100(A) ("For a willful breach of any of these rules, the [State Bar] Board of Governors has the power to discipline members as provided by law."); 37 C.F.R. § 11.19(a) ("All practitioners engaged in practice before the [USPTO] are subject to [its] disciplinary jurisdiction."). To the extent Plaintiffs' claims raise questions about the application of those rules, they should be considered by the USPTO and California Bar, not by a federal court. *See id.* (holding that "the issues presented by this case are properly considered first by the Register of Copyrights"); *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 391 (1992) (holding that the primary jurisdiction doctrine applies to UCL claims).

**B. The Complaint must be dismissed for failure to state a claim.**

Even if Plaintiffs had alleged subject matter jurisdiction and Article III standing, the Complaint does not allege the required elements of its remaining claims. With respect to the Lanham Act claim, Plaintiffs have failed to allege false or misleading statements or proximate causation. With respect to their FAL claim, they fail to allege statutory standing. And with respect to the UCL claim, they fail to allege either statutory standing or a violation under any prong. These claims must be dismissed.

**i. Plaintiffs' Lanham Act claim fails because the Complaint does not allege any false or misleading statements.**

To plead a claim for false advertising under the Lanham Act, a plaintiff must allege a false statement of fact made by the defendant in commercial speech. 15 U.S.C. § 1125(a)(1)(B); *L.A. Taxi Coop, Inc. v. Uber Techs, Inc.*, 114 F. Supp. 3d 852, 864 (N.D. Cal. July 17, 2015). "If speech is not purely commercial—that is, if it does more than propose a commercial transaction—then it is entitled to full First Amendment protection." *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 906 (9th Cir. 2002). Moreover, "general assertions of superiority" in advertising are non-actionable "puffery." *See Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242, 246 (9th Cir. 1990). Plaintiffs claim that four "statements" subject UpCounsel to liability under the Lanham Act: 1) CEO Matt Faustman's statement that UpCounsel is "equivalent to the world's largest law firm," 2) UpCounsel's fee disclosures, 3)

UpCounsel's advertisements using search terms "trademark attorney" and "trademark lawyer," and 4) UpCounsel's statement that their users include the "Top 5% of Trademark Attorneys" in various cities. Compl. ¶ 58.

None of these statements can support a claim under the Lanham Act. ***First,*** Mr. Faustman's statement was not commercial speech—it was made in the course of a conversation published on YouTube that commented on UpCounsel's status as a "competitor or collaborator" of large law firms. Compl. ¶ 40 & n.11. Executives' independently published statements in the media "are not commercial speech" and cannot support a Lanham Act claim. *L.A. Taxi Coop.*, 114 F. Supp. 3d at 865 (dismissing Lanham Act claim because statements made by company's officers and employees in the media were not commercial speech).

***Second,*** the Complaint asserts—correctly—that UpCounsel discloses its fees to both customers and attorney users. As Plaintiffs allege, UpCounsel states on its invoices that it charges 24% in fees. Compl. ¶ 31 & n.10. And by signing UpCounsel's Terms of Service, attorney users agree to pay a percentage of their earnings from the platform to UpCounsel. *Id.* ¶30. There is nothing false or misleading about these disclosures. *See Southland Sod Farms v. Stover Seed Co*., 108 F.3d 1134, 1139 (9th Cir. 1997) ("To demonstrate falsity within the meaning of the Lanham Act, a plaintiff must show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers.").

***Third,*** courts have recognized "a growing consensus . . . that keyword advertising does not violate the Lanham Act" as long as ads are clearly labeled, which UpCounsel's are. *See Acad. Of Motion Picture Arts & Sciences v. GoDaddy.com, Inc.*, 2015 WL 5311085, at *50 (C.D. Cal. Sept. 10, 2015); *Swyers* at *12-13 (holding that keywords were not actionable where they directed consumers to a website that was not likely to mislead them); *Trademark Engine* at *8-9 (same).

***Fourth,*** the "Top 5% of Trademark Attorneys" statement is non-actionable puffery. See Trademark Info. at *4 (dismissing Lanham Act claim based on the statement "America's #1 Trademark System"); *Swyers* at *10 (dismissing Lanham Act claim based on the statement "#1 in

Trademark Registrations"). LegalForce RAPC evidently agrees, as their website boasts that they are "Number One in the United States."[5]

Finally, Plaintiffs' claims that UpCounsel's advertisements are "false and misleading" sound in fraud, and thus must be pleaded with particularity under Rule 9(b). *See Vess*, 317 F.3d at 1106; *Swyers* at *9; *Trademark Engine* at *5-6. Plaintiffs' cursory nod to the "who, what, when, where, and how" of the alleged fraud is far too vague to satisfy Rule 9(b)'s particularity standard. *See* Compl. ¶ 77. In particular, Plaintiffs have alleged no particularized facts supporting their allegations that UpCounsel "intentionally" hid processing fees in a way that was "likely to deceive reasonable consumers." *Id.* These conclusory allegations do not satisfy Rule 9(b). *See, e.g.*, *Swyers* at *9, *13; *Trademark Engine* at *6-9.

**ii. Plaintiffs' Lanham Act claim fails because they have not alleged proximate causation of an injury.**

Aside from their failure to plead a false or misleading statement, Plaintiffs have also failed to allege an injury proximately caused by UpCounsel. A plaintiff seeking to "invoke the Lanham Act's cause of action for false advertising must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation ***proximately caused*** by the defendant's misrepresentations." *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014) (emphasis added). The required showing is an "economic or reputational injury ***flowing directly*** from the decepti[ve] advertising" that occurs "when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 1391 (emphasis added). Plaintiffs allege that "UpCounsel's false and misleading advertisements have caused . . . irreparable harm to RAPC" in the form of "decline in sales and market share, loss of goodwill, and additional losses and damages." Compl. ¶ 62. But this is not a plausible theory of injury under *Lexmark*. Plaintiffs do not allege facts that UpCounsel deceived consumers in such a way that would cause them to "withhold trade" from Plaintiffs. They speculate that if UpCounsel had messaged its fees differently, consumers would have chosen Plaintiffs' platform instead. Compl. ¶ 49. But they provide no facts supporting this inference—they have not alleged a single lost sale; nor have they alleged any facts about their own fee structure. Plaintiffs allege no facts establishing that any of

[5] *See* legalforcelaw.com.

UpCounsel's statements even remotely caused Plaintiffs' failure to compete in the marketplace. Accordingly, they have not alleged injury.

**iii. Plaintiffs' FAL claim fails because they do not have statutory standing.**

Plaintiffs do not have standing to assert a FAL claim against UpCounsel. An FAL claim may only be asserted by a plaintiff "who has suffered injury in fact and has lost money or property as a result of a violation." *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321 (2011). Plaintiffs allege that as a result of UpCounsel's advertisements, Plaintiffs "have suffered . . . loss of revenue, loss of profits, loss of market share, reduced asset value, diverted sales to UpCounsel, increased advertising costs and loss of valuable business opportunities," all of which "belonged to or vested to Plaintiffs but [were] taken away by UpCounsel." Compl. ¶ 67. But Plaintiffs have not alleged ***facts*** tracing these supposed injuries to UpCounsel's conduct. As in their Lanham Act claim, Plaintiffs have made purely conclusory allegations with no facts connecting their litany of alleged injuries to UpCounsel's conduct. The FAL claim thus must be dismissed. *See LegalZoom* at *3-4 (dismissing FAL claim for "fail[ing] to allege any facts to support a finding that it suffered [an] injury"); *Swyers* at *18 (dismissing FAL claim "for the reasons stated above with respect to their Lanham Act claim"); *Trademark Info* at *7 (same); *Trademark Engine* at *10 (same).

**iv. Plaintiffs' UCL claim fails because they do not have statutory standing and fail to otherwise state a claim.**

Similarly, Plaintiffs do not have standing to assert a UCL claim against UpCounsel. A private plaintiff has standing to bring a UCL claim only if she "has suffered injury in fact and has lost money or property as a result of unfair competition." *Kwikset*, 51 Cal. 4th at 321. Plaintiffs allege that they have standing "because they have suffered injury in fact and lost money, including diverted sales to Defendants, lost revenue, loss of market share, reduced asset value, and increased advertising costs." Compl. ¶ 72. But again, these allegations are merely conclusory—Plaintiffs have alleged no facts to support them. The UCL claim should therefore be dismissed. *See LegalZoom* at *4 (dismissing UCL claim for failure to allege private standing).

Even if they did have standing, Plaintiffs fail to state a claim under any prong of the UCL. ***First,*** Plaintiffs have not stated a claim under the unlawful prong because none of the laws

Plaintiffs cite create a private right of action. A plaintiff may only maintain an unlawful claim under the UCL if he or she could have asserted a right under the predicate law. *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017). Plaintiffs could not have done so here. The patent bar regulations in 37 C.F.R. §§ 11.504 and 11.703 and California Rules of Professional Conduct 1-320 and 1-400 set forth procedures for reporting alleged violations[6], but do not create a private right of action. Cal. R. Prof. Conduct 1-100(A); *Cost Saver Management, LLC v. Napolitano*, No. CV 10-2105-JST (CWx), 2011 WL 13119439) at *5 (C.D. Cal. June 7, 2011); *Brown v. Grimes*, 120 Cal. 3d 893, 909 (Ct. App. 2011). Similarly, a private plaintiff may not maintain an action under Cal. Bus. & Prof. Code § 6126, as that statute provides for criminal penalties.

***Second,*** Plaintiffs have not stated a claim under the unfair prong because they have not shown a significant threat of harm to competition. To state a claim under the UCL's unfair prong, a competitor must "plead and prove a reduction of competition in the market in general and not mere injury to their own positions as competitors." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989). Plaintiffs have alleged only the latter: harm to themselves. There are no allegations about harm to the market generally. In fact, the sheer number of alleged competitors that Plaintiffs have chosen to sue[7] suggests that competition in the market for online legal services is thriving.

***Third,*** Plaintiffs have not stated a claim under the fraudulent prong because they have not alleged reliance. "[A] plaintiff proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions." *Kwikset*, 51 Cal. 4th at 326. "A UCL fraud plaintiff must allege he or she was motivated to act or refrain from action based on the truth or falsity of a defendant's statement, not merely on the fact it was made." *Id.* at n.10. Although Plaintiffs recite—in

---

[6] *See, e.g.*, http://www.calbar.ca.gov/Public/Complaints-Claims/How-to-File-A-Complaint/After-You-File; https://www.uspto.gov/about-us/organizational-offices/office-general-counsel/office-enrollment-and-discipline-oed.

[7] *See supra* note 1 and accompanying text.

conclusory fashion—the "who-what-where" pleading requirements for a fraud action, Compl. ¶ 77, they do not even attempt to allege that they acted in reliance, or how. Their claim under the fraudulent prong is thus missing an element.

**v. Plaintiffs seek a remedy that is not available under the UCL.**

Plaintiffs allegedly seek restitution for their UCL claim, but they have not alleged an ownership interest that would entitle them to such a remedy. *See* Compl. ¶ 82. "In the context of the UCL, 'restitution' is limited to the return of property or funds in which the plaintiff has an ownership interest (or is claiming through someone with an ownership interest)." *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 453 (2005) (emphasis added). Plaintiffs have not alleged that they have an ownership interest in UpCounsel's funds or property—nor can they. It appears that Plaintiffs seek nonrestitutionary disgorgement—or, "compensation for a lost business opportunity"—which is not available under the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1150-51 (2003).

**C. The Complaint should be dismissed with prejudice.**

Plaintiffs offer a complaint with a host of deficiencies. Their repeated failure across numerous cases to satisfy the required pleading standards shows that amendment would be futile. The Complaint should thus be dismissed with prejudice. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) (affirming denial of leave to amend when amendment would be futile).

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs' claims should be dismissed with prejudice.

Dated: July 20, 2018

KEKER, VAN NEST & PETERS LLP

By: */s/ Simona A. Agnolucci*
SIMONA A. AGNOLUCCI
JESSELYN K. FRILEY

Attorneys for Defendant
UPCOUNSEL, INC.