KEKER, VAN NEST & PETERS LLP
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@keker.com
JESSELYN K. FRILEY - # 319198
jfriley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendant
UPCOUNSEL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.; and LEGALFORCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UPCOUNSEL, INC.; and DOES 1-1000, INCLUSIVE, <br><br> Defendants. | Case No. 4:18-cv-02573-YGR <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br> Date: August 28, 2018 <br><br> Time: 2:00 p.m. <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Date Filed:  May 2, 2018 |

## I. INTRODUCTION

Plaintiffs have chosen to voice their concerns about the regulation of legal practice in a roundabout way—by filing frivolous lawsuits against their alleged competitors. But despite honing their strategy in at least ten different lawsuits,[1] Plaintiffs remain unable to allege plausible facts or legal theories that support their claims. The Court should dismiss this Complaint, as Judge Chesney has done in five (and counting) other *LegalForce* cases.

As UpCounsel argued in its Motion to Dismiss, the Complaint has two fatal flaws. ***First***, Plaintiffs have not alleged Article III standing with respect to any of their claims. Their Declaratory Judgment Act claim does not seek relief relating to a substantial, immediate controversy between Plaintiffs and UpCounsel. And with respect to their remaining claims, they have not alleged an injury proximately caused by UpCounsel's conduct, as required by *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). ***Second***, even if they did have Article III standing, Plaintiffs have not stated claims under the Lanham Act, FAL, and UCL. Plaintiffs have not alleged any false or misleading statements. And they misstate the UCL's requirements, relying on inapposite case law. Their failure to state a claim under the Lanham Act means that their Declaratory Judgment Act claim also fails.

Plaintiffs' Opposition reiterates conclusory allegations but does nothing to correct the flaws in their pleading. Their failure to allege standing or to state a claim requires dismissal. Their consistent failure to do so across multiple cases shows that amendment would be futile. The Court should therefore dismiss their claims with prejudice.

## II. ARGUMENT

Plaintiffs allege in this lawsuit (and all of the others) that they "continue to suffer" while they "wait for the law to catch up to [] technological advances." Opp'n at 6. Their predicament has nothing to do with UpCounsel or any other alleged competitor. UpCounsel did not design the

---

[1] Since UpCounsel filed its Motion to Dismiss, Plaintiffs have filed an additional suit in state court against 51 UpCounsel attorney users. Opp'n at 7. They have also recently refiled their suit against LegalZoom in the Central District of California, after its dismissal in the Northern District of California. *LegalForce Inc. v. LegalZoom, Inc.*, No. 2:18-cv-06147-ODW (C.D. Cal. July 16, 2018).

regulatory environment in which Plaintiffs operate, and Plaintiffs can point to no aspect of UpCounsel's business that has caused them to lose ground in the marketplace. Only the USPTO and State Bar—if anyone—can bring Plaintiffs the relief they seek. For these reasons, the Complaint must be dismissed.

Plaintiffs attempt to distinguish the eight cases[2] before Judge Chesney because those actions are not "identical" to this one, nor are they formally related under Civil Local Rule 3-12. Opp'n at 7. To be sure, none of the actions involve exactly the same parties. But in each of them, Plaintiffs allege that one or more of their purported competitors 1) unfairly compete with them by violating various rules of professional conduct; and/or 2) falsely advertise under the FAL and Lanham Act using keywords, statements in the media, and assertions of quality.[3] They have also sought declaratory relief relating to the USPTO and State Bar, as they do here.[4] "Judges of the same district court customarily follow a previous decision of a [fellow] judge upon the same question except in unusual or exceptional circumstances." *Buna v. Pac. Far East Line, Inc.*, 441 F. Supp. 1360, 1365 (N.D. Cal. 1977). Judge Chesney has granted every motion to dismiss before her in these cases[5]—as should this Court.

---

[2] *LegalForce RAPC Worldwide, P.C. et al v. LegalZoom.Com, Inc. et al*, No. 3:17-cv-07194-MMC (N.D. Cal. Dec. 19, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al*, No. 3:17-cv-07303-MMC (N.D. Cal. Dec. 26, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Swyers et al*, No. 3:17-cv-07318-MMC (N.D. Cal. Dec. 27, 2017); *LegalForce RAPC Worldwide, P.C. et al v. FileMy, LLC et al*, No. 3:17-cv-07331-MMC (N.D. Cal. Dec. 27, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Trademarks Information International LLC et al*, No. 3:17-cv-07354-MMC (N.D. Cal. Dec. 28, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Demassa*, No. 3:18-cv-00043-MMC (N.D. Cal. Jan. 3, 2018); *LegalForce RAPC Worldwide, P.C. et al v. Iacob et al*, No. 3:18-cv-00127-MMC (N.D. Cal. Jan. 5, 2018); *LegalForce RAPC Worldwide, P.C. et al v. MyCorporation Business Services, Inc. et al*, No. 3:18-cv-00142-MMC (N.D. Cal. Jan. 8, 2018).

[3] *See, e.g.*, *LegalForce RAPC Worldwide, P.C. v. LegalZoom.com, Inc.*, 3:17-cv-07194-MMC, Dkt. 103 at *2, *4 (Apr. 10, 2018) (hereafter *LegalZoom*); *LegalForce RAPC, Inc. v. Trademark Information International LLC*, No. 3:17-cv-07354-MMC, Dkt. 57 at *2, *8 (N.D. Cal. May 25, 2018) (hereafter *Trademark Info.*); *LegalForce RAPC Worldwide, P.C. et al v. Swyers et al*, No. 3:17-cv-07318-MMC, Dkt. 76 at *2, *19 (N.D. Cal. July 17, 2018) (hereafter *Swyers*); *LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al*, No. 3:17-cv-07303-MMC, Dkt. 106 at *2, *11 (N.D. Cal. July 19, 2018) (hereafter *Trademark Engine*); *LegalForce RAPC Worldwide, P.C. et al v. Iacob et al*, No. 3:18-cv-00127-MMC, Dkt. 42 at *2, *14 (N.D. Cal. Jan. 5, 2018) (hereafter *Iacob*).

[4] *See, e.g.*, *LegalZoom* at *2; *Swyers* at *2.

[5] *See supra* n.3.

**A.    Plaintiffs fail to allege standing with respect to any of their claims.**

### 1.    Plaintiffs fail to allege Article III standing for their Lanham Act, FAL and UCL claims.

Plaintiffs have not alleged a "concrete and particularized" injury that is "fairly traceable" to the defendant's challenged conduct and likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.  The Opposition points to no *facts* supporting their allegations that UpCounsel is responsible for "total lost sales in excess of $1,000,000, lost market share of 1.1%, and increased advertising costs of 30%."  Opp'n at 16.  And Plaintiffs' similar allegations in the other lawsuits they have filed show that they cannot plead facts tracing their alleged injuries to UpCounsel alone.  *See, e.g.*, *Swyers* at *4-5, *17 (holding that Plaintiffs "d[id] not allege any facts to support a finding that LegalForce has lost revenue or otherwise been harmed").   Plaintiffs admit that they "have seen their financial losses increase recently as *more and more entities and attorneys* blatantly disregard the current laws and ethical obligations."  Opp'n at 6 (emphasis added).  The entire legal services industry, it seems, is responsible for Plaintiffs' injuries.  Even accepting their liability theory—which UpCounsel does not—Plaintiffs cannot trace their ill-defined injuries to UpCounsel.

### 2.    Plaintiffs do not have standing to seek a declaratory judgment.

As an initial matter, Plaintiffs misinterpret UpCounsel's Motion as arguing that the Declaratory Judgment Act claim is *the only* basis for federal subject matter jurisdiction in this case.  Opp'n at 7-8 ("[C]ontrary to Defendant's assertions, Plaintiffs do not rely on a claim for declaratory relief . . . as the sole reason for subject matter jurisdiction.").  Not so—UpCounsel argued that the Declaratory Judgment claim must be dismissed for lack of subject matter jurisdiction because "Plaintiffs fail to plead a valid federal claim against UpCounsel."  Mot. at 5.  Because Plaintiffs have not stated a claim under the Lanham Act, as discussed below, their Declaratory Judgment Act fails too.  *Muhammad v. Berreth*, 2012 WL 4838427, at *5 (N.D. Cal. Oct. 10, 2012).   Plaintiffs do not dispute that a claim under the Declaratory Judgment Act is not an independent cause of action.

Their Declaratory Judgment Act claim also fails of its own accord for lack of standing.  Plaintiffs admit that they must identify an "actual controversy" in order to have standing under

the Declaratory Judgment Act. Opp'n at 8; *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiffs reiterate their conclusory and irrelevant allegations that UpCounsel "is a business competitor that uses unfair and misleading practices to try to gain a competitive edge." Opp'n at 8. But they have not explained why their disagreement with the policies of the State Bar of California and the United States Patent and Trademark Office amounts to "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Moreover, Plaintiffs have not used their Opposition to "identify the law underlying the request for a declaratory judgment," which they must do in order to show "adverse legal interests." *Shell Gulf of Mexico, Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014). Likewise, they have failed to show "immediacy and reality" that warrants declaratory relief. *Id.* at 635.

### 3. The doctrine of primary jurisdiction applies to Plaintiffs' Declaratory Judgment Act claim.

Plaintiffs' Opposition misstates the law on primary jurisdiction. The doctrine applies here because Plaintiffs' Declaratory Judgment Act claim "requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of ***an administrative body***." *United States v. Western Pac. R. Co.*, 352 U.S. 59, 64 (1956) (emphasis added). Congress and the State of California have granted the USPTO and State Bar the authority to interpret and enforce their respective Rules of Professional Conduct. *See* 37 C.F.R. § 11.19(a) ("All practitioners engaged in practice before the [USPTO] are subject to [its] disciplinary jurisdiction."); Cal. Bus. & Prof. Code § 6076 ("With the approval of the Supreme Court, the [State Bar] Board of Trustees may formulate and enforce rules of professional conduct for all members of the State Bar."). Contrary to Plaintiffs' Opposition, primary jurisdiction applies equally to state-created regulatory bodies as to congressionally-created agencies. *See, e.g.*, *Jonathan Neil & Assoc., Inc. v. Jones*, 33 Cal. 4th 917, 934 (2004), as modified (Oct. 20, 2004) (applying doctrine of primary jurisdiction where administrative body was created by California law). To the extent Plaintiffs' claims raise questions about the application of those rules, they should be considered by the USPTO and California Bar, not by a federal court. *See id.*

**B.    Plaintiffs have not stated claims under the Lanham Act, FAL, and UCL.**

**1.    Plaintiffs have not satisfied Rule 9(b)'s particularity requirement.**

Plaintiffs' interpretation of Rule 9(b) renders the standard meaningless.  Lanham Act, FAL, and UCL claims that allege "intentional or knowing misrepresentations," like those at issue here, "sound in fraud" and thus must be pleaded with particularity.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Moore v. Mars Petcare US, Inc.*, 2017 WL 2931154, at *2 (N.D. Cal. July 10, 2017); *Iacob*, Dkt. 42 at n.8.  It is not enough to recite in the barest possible terms, as Plaintiffs do, the "who, what, when, where, and how" of the alleged misconduct.  *Vess*, 317 F.3d at 1106.  Rule 9(b) requires a plaintiff to identify the individual(s) who made a false representation—meaning the employees of a corporate defendants—and "state the time, place, and content of an alleged misrepresentation," as well as "explain why the statement is false or misleading."  *Id.* at 1107 (summarizing cases).  The Complaint does not allege any of these facts with particularity.  And in their Opposition, Plaintiffs have not even attempted to identify facts supporting their allegations that UpCounsel "intentionally" hid processing fees in a way that was "likely to deceive reasonable consumers."  Opp'n at 14-15, Compl. ¶ 77(f).  These conclusory allegations do not satisfy Rule 9(b).  *See, e.g.*, *Swyers*, Dkt. 76 at *9, *13; *Trademark Engine*, Dkt. 106 at *6-9.

**2.    Plaintiffs have not stated a Lanham Act claim because they have not alleged proximate causation of an injury.**

Plaintiffs claim that they are entitled to a presumption of injury because they are "direct competitors" of UpCounsel's, and because of UpCounsel's "multiple misrepresentations."  Opp'n at 15.  But the case they cite for that proposition, *TrafficSchool.com, Inc. v. Edriver, Inc.*, is inapposite because was examining this issue post-trial, with the benefit of "volumes of evidence showing that [the plaintiffs] compete with defendants and that [defendant's website] probably misleads consumers."  653 F.3d 820, 828 (9th Cir. 2011).  A presumption is irrelevant at the pleading stage—only "a finding of the predicate fact" can give rise to a presumption, which can then be rebutted with contrary facts.  *St. Mary's Hon. Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

The more relevant precedent is the case *Stahl Law Firm v. Judicate West*, which applied a

5

presumption-free version of the test in *TrafficSchool.com* at the pleading stage of a suit between two businesses that "compete[d] for providing legal services." 2013 WL 6200245, at *2 (N.D. Cal. Nov. 27, 2013). Citing *TrafficSchool.com*, the court in *Stahl* dismissed the complaint for failure to allege "a chain of inferences showing how [UpCounsel's alleged] false advertising could harm [Plaintiffs'] businesses." *Id.* at *5. The court also held that it was not enough for the plaintiff to allege that he "could conceivably compete with" the defendants. *Id.* "Factual allegations supporting [such an] assertion" are required to allege standing under the Lanham Act. *Id.*

As in the *Stahl* case, Plaintiffs have not met their burden to plead "a chain of inferences" showing how UpCounsel's alleged false advertising could harm Plaintiffs—the Complaint provides no causal link between the alleged false statements and Plaintiffs' alleged injuries. Plaintiffs' arguments to the contrary merely restate their conclusory allegations. Opp'n at 16. Nor do they allege any facts supporting their allegations of "lost sales in excess of $1,000,000, lost market share of 1.1%, and increased advertising costs of 30%" or connecting those injuries to UpCounsel. *See id.* They do not have standing under the Lanham Act.

### 3. Plaintiffs' false advertising claims are based on non-actionable statements.

Plaintiffs' Opposition fails to show that any of the alleged statements in the Complaint can support a false advertising claim under the Lanham Act, FAL, or UCL. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (dismissing UCL claim for same reasons as Lanham Act claim); *Appliance Recycling Ctrs. Of Am., Inc. v. JACO Env'l, Inc.*, 378 Fed. Appx. 652, 656 (9th Cir. 2010) (granting judgment in favor of defendant on FAL claim for same reasons as Lanham Act claim). Contrary to Plaintiffs' Opposition, Defendants do dispute the allegation that any of these statements were actually false. Mot. at 7–9.

*First*, Plaintiffs' Opposition misstates the standard that governs Mr. Faustman's statements in a video on Mimesis Law, a legal commentary website "which covers the business, practice and culture of Law." Opp'n at 11. "If speech is not ***purely commercial***—that is, if it does more than propose a commercial transaction—then it is entitled to full First Amendment protection." *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 906 (9th Cir. 2002) (emphasis

added). Plaintiffs do not attempt to argue that Mr. Faustman's statement merely proposed a commercial transaction—at most, they claim it is "*practically* a monologue advertisement" and "*more like* an early-morning weekend infomercial." Opp'n at 10 (emphasis added). Plaintiffs' assertion that Mr. Faustman's interview had something to do with Mimesis' marketing arm is pure speculation, unsupported by any fact in the Complaint. Opp'n at 11. Furthermore, the statement that UpCounsel is "equivalent to the world's largest law firm" is a "general assertion[] of superiority," not a false statement. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Col'n Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990).

*Second*, Plaintiffs' own Complaint alleges that UpCounsel discloses a 15% charge to attorneys in its Terms of Service and a 24% charge to customers on its invoices. Compl. ¶¶ 30-31 & n.10. The Opposition repeats in conclusory fashion that this practice "is false on its face [and] would still mislead or confuse clients as to the actual markup they are paying." Opp'n at 11, 14. Clients pay 24% in fees. Attorneys pay 15% to UpCounsel. There is nothing false, misleading, or confusing about these terms.

*Third*, as Plaintiffs admit, keyword advertising is only actionable if it is misleading or likely to confuse the consumer. Opp'n at 12. A number of cases have held that keyword advertising does not violate the Lanham Act or the FAL as long as ads are clearly labeled, which UpCounsel's are. *See Acad. Of Motion Picture Arts & Sciences v. GoDaddy.com, Inc.*, 2015 WL 5311085, at *50 (C.D. Cal. Sept. 10, 2015); *Infostream Grp. Inc. v. Avid Life Media Inc.*, 2013 WL 6018030, at *5 (C.D. Cal. Nov. 12, 2013); *J.G. Wentworth, S.S.C. Ltd. P'ship v. Settlement Funding LLC*, 2007 WL 30115, at *7-8 (E.D. Pa. Jan. 4, 2007); *Swyers*, Dkt. 76 at *12-14 (holding that keywords were not actionable where they directed consumers to a website that was not likely to mislead them); *Trademark Engine*, Dkt. 106 at *8-9 (same). Plaintiffs' attempt to distinguish just one of these cases is thus inapposite. Moreover, Plaintiffs argue that UpCounsel's advertising connected to terms "trademark attorney" and "trademark lawyer" is likely to confuse consumers. But Plaintiffs also plead that UpCounsel *connects consumers with lawyers*, including trademark lawyers. Compl. ¶¶ 26, 39; *see also Iacob*, Dkt. 42 at *12. Plaintiffs have not alleged facts plausibly showing that this advertising is deceptive or misleading.

***Fourth***, "general assertions of superiority" like UpCounsel's use of the phrase "Top 5% of Trademark Attorneys" in advertising are non-actionable "puffery." *See Cook, Perkiss & Liehe*, 911 F.2d at 246. Judge Chesney has sided with UpCounsel's position on these types of phrases twice, dismissing Plaintiffs' similar claims with respect to the terms "America's # Trademark System" and "America's #1 Trademark System" as mere puffery. *See Trademark Info.*, Dkt. 57 at *4; *Swyers*, Dkt. 76 at *10. Plaintiffs try to argue that UpCounsel's phrase is "clearly measurable" and that customers "would reasonably rely on [] geographically limited claims." Opp'n at 13. But those arguments are pure conjecture—Plaintiffs can point to no facts in the Complaint that support either of them.

### 4.  Plaintiffs have not alleged standing under the FAL or UCL.

Under the FAL and UCL, claims may only be asserted by a plaintiff "who has suffered injury in fact and has lost money or property" as a result of a violation. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321 (2011). Plaintiffs allege that they have standing "because they have suffered injury in fact and lost money, including diverted sales to Defendants, lost revenue, loss of market share, reduced asset value, and increased advertising costs." Compl. ¶ 72; Opp'n at 18. But these allegations are merely conclusory—Plaintiffs have alleged no facts to support them. The FAL and UCL claims should therefore be dismissed. *See infra* Part II.A.1; *LegalZoom*, Dkt. 103 at *4 (dismissing FAL and UCL claim for failure to allege private standing).

### 5.  Plaintiffs' UCL claim does not allege the required elements.

Plaintiffs' Opposition does not supply the missing elements of their UCL claim.

***First***, it relies on inapposite cases regarding the unlawful prong. Several of Plaintiffs' cases predate the passage of Proposition 64, on November 2, 2004, which "limits the standing of [private] plaintiffs to sue under the UCL." *See Palmer v. Stassinos*, 419 F. Spp. 2d 1151, 1154 (N.D. Cal. 2005). And several others were filed by public agencies that are not subject to private standing restrictions. Opp'n at 19 & n.1. Plaintiffs cite *Law Offices of Mathew Higbee v. Expungement Assistance Servs.* in support of their claim under the unlawful prong. *See* 214 Cal. App. 4th 544 (2013). But that case says nothing about the "unlawful" conduct that Plaintiffs have

actually pleaded—"aiding and abetting" attorneys to violate the State Bar and USPTO's rules of professional conduct, and "holding [one]self out as a 'virtual law firm,'" a term they appear to have defined themselves.[6]  Compl. ¶ 74.  Plaintiffs have cited no case or law that actual prohibits that conduct.  *Higbee* is no help to them.  *Id.*

*Second*, Plaintiffs also incorrectly cite *Higbee*, an unlawful prong claim, for the proposition that they need not allege reliance in order to state a claim under the fraudulent prong. *See Higbee*, 214 Cal. App. 4th at 553 n.2; *see also Equinox Hotel Mgmt., Inc. v. Equinox Holdings, Inc.*, 2018 WL 659105, at *14 (N.D. Cal. Feb. 1, 2018).  This makes no sense.  In fact, "[A] plaintiff proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions."  *Kwikset*, 51 Cal. 4th at 326.  *See also O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1002 (N.D. Cal. 2014) (collecting cases).  Plaintiffs do not even attempt to allege reliance. Opp'n at 21.

*Third*, Plaintiffs' Opposition does not dispute that in order to state a claim under the UCL's unfair prong, a competitor must "plead and prove a reduction of competition in the market in general and not mere injury to their own positions as competitors."  Opp'n at 20-21.  *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989).  Plaintiffs have alleged only harm to themselves.  There are no allegations about harm to the market generally.

Finally, with respect to their request for relief, Plaintiffs do not claim to have alleged an ownership interest that would entitle them to seek restitution for their UCL claim.  *See* Opp'n at 22.  "In the context of the UCL, 'restitution' is limited to the return of property or funds in which the plaintiff has an ownership interest (or is claiming through someone with an ownership interest)."  *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 453 (2005) (emphasis added). Plaintiffs have not alleged that they have an ownership interest in UpCounsel's funds or property—nor can they.  It appears that Plaintiffs seek nonrestitutionary disgorgement—or,

---

[6] The alleged predicate laws in their Opposition also do not match those pleaded in their Complaint.  *Compare* Opp'n at 20 *with* Compl. ¶ 74.

9
REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 4:18-cv-02573-YGR

1292832

1  "compensation for a lost business opportunity"—which is not available under the UCL. *Korea*
2  *Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1150-51 (2003).

### III. CONCLUSION

Plaintiffs' Opposition makes it clear that their Complaint should be dismissed. Their repeated failure across numerous cases to satisfy the required pleading standards makes clear that amendment would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) (affirming denial of leave to amend when amendment would be futile). Therefore, the Complaint should be dismissed with prejudice.

Dated: August 10, 2018                                    KEKER, VAN NEST & PETERS LLP

                                    By:   */s/ Simona A. Agnolucci*
                                          SIMONA A. AGNOLUCCI
                                          JESSELYN K. FRILEY

                                          Attorneys for Defendant
                                          UPCOUNSEL, INC.