# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEGALFORCE RAPC WORLDWIDE P.C., ET AL.,**<br><br>  Plaintiffs,<br><br> vs.<br><br>**UPCOUNSEL, INC.,**<br><br>  Defendant. | CASE NO. 18-cv-02573-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Defendant UpCounsel, Inc. ("UpCounsel") filed a motion to dismiss plaintiffs LegalForce RAPC Worldwide, P.C.'s and LegalForce, Inc.'s complaint on July 20, 2018. (Dkt. No. 25.) The Court heard argument on August 28, 2018. Having carefully considered the pleadings and the papers submitted on UpCounsel's motion, and the hearing held on August 28, 2018, and as stated on the record on August 28, 2018, the Court **ORDERS** as follows:

- Plaintiffs' claim for declaratory judgment is **DISMISSED** as duplicative in light of plaintiffs' counsel's statement at oral argument that it is not in fact a separate cause of action but rather a remedy sought. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

- UpCounsel's motion to dismiss plaintiffs' Lanham Act claim based on lack of standing is **DENIED**.

- Plaintiffs' Lanham Act claim is **DISMISSED WITH LEAVE TO AMEND** to the extent it is based on the statement that UpCounsel is the "equivalent to the world's largest virtual law firm."

- UpCounsel's motion to dismiss plaintiffs' Lanham Act claim to the extent it is based on UpCounsel's fee disclosures is **DENIED**.

- Plaintiffs' Lanham Act claim is **DISMISSED WITHOUT LEAVE TO AMEND** to the

extent it is based on UpCounsel's use and/or purchase of keywords for online searches, such as "trademark attorney" and "trademark lawyer."

- UpCounsel's motion to dismiss plaintiffs' Lanham Act claim to the extent it is based on the "Top 5% of Trademark Attorneys" statement is **DENIED**.
- UpCounsel's motion to dismiss plaintiffs' FAL and UCL claims based on lack of standing is **DENIED**.
- Plaintiffs' UCL claim under the unlawful prong is **DISMISSED WITH LEAVE TO AMEND**.
- To the extent plaintiffs' UCL claims under the unfair and fraudulent prongs are based on conduct that forms the basis of plaintiffs' Lanham Act claim, they are **DISMISSED** in accordance with the Court's aforementioned rulings.[1]
- Plaintiffs' request for restitution under the UCL is **STRICKEN**. *See Korea Supply Co. v. Lockheed Martin Co.*, 29 Cal. 4th 1134, 1151 (2003) (noting that "[c]ompensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims" under the UCL) (internal quotation marks omitted).

\\
\\
\\
\\
\\
\\

---

[1] As a general matter, to the extent any of plaintiffs' claims under the UCL sound in fraud, plaintiffs must plead actual reliance when amending their complaint. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (9th Cir. 2012) (where a UCL claim "sounds in fraud, [the plaintiff is] required to prove actual reliance on the allegedly deceptive or misleading statements"); *see also O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1003 (N.D. Cal. 2014) (claim that "sounded in fraud" would "require pleading actual reliance whether asserted under the fraudulent prong under the UCL or as predicate unlawfulness under the unlawful prong") (internal quotation marks omitted); *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *6 (N.D. Cal. ("[T]he actual reliance requirement also applies to claims under the UCL's unfair prong to the extent such claims are based on fraudulent conduct.").

2

- Plaintiffs' unopposed request for judicial notice is **GRANTED**. (Dkt. No. 26-1.) The Court takes judicial notice merely over what was in the public realm at the time, not whether the contents of the cited websites are in fact true.

This Order terminates Docket Number 25.

**IT IS SO ORDERED.**

Dated: August 29, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**