

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Simona A. Agnolucci**
(415) 676-2259
sagnolucci@keker.com

**VIA CM/ECF E-FILING**
The Honorable Donna M. Ryu
United Stated District Court
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

   Re:   *LegalForce RAPC Worldwide, P.C. v. UpCounsel, Inc.*
          Case No. 4:18-cv-02573-YGR

Dear Judge Ryu:

      Plaintiffs LegalForce RAPC Worldwide P.C. (RAPC) and LegalForce, Inc. (Trademarkia) and Defendant UpCounsel, Inc. (UpCounsel) submit this joint letter regarding Plaintiffs' failure to comply with their discovery obligations and their refusal to produce ESI-compliant and Bates-stamped documents. Attached hereto as **Exhibit A** are Defendant's First Set of RFPs to Plaintiffs and Plaintiffs' corresponding responses. The parties have met and conferred at length by telephone regarding on this issue prior to filing this letter.

      Relevant case management deadlines in this case are as follows: Non-expert discovery cutoff is 02/25/2019; expert discovery cutoff is 04/19/2019; the last day to file dispositive motions is 04/23/2019; the last day to have dispositive motions heard is 05/28/2019; the pretrial conference is scheduled for 9/13/2019; and the trial is set for 09/30/2019.

    **I.**    **UpCounsel's Position:**

      It has now been seven months since Plaintiffs filed their complaint and two months since the parties first met and conferred about UpCounsel's document requests. Plaintiffs refused to produce even a *single* document until just moments before the parties filed this letter brief. (Based on UpCounsel's initial review, that production appears to consist almost entirely of reports generated by a third-party tool about *UpCounsel's* internet traffic—not documents that were in Plaintiffs' possession, custody, or control.) UpCounsel, for its part, began producing documents just *four* business days after Plaintiffs retained outside counsel, and has already made two witnesses available for deposition.[1] But discovery is not a one-way street. Plaintiffs filed

---

[1] This letter brief is not about UpCounsel's document production, but it is worth noting that Plaintiffs' claims below—that a "great percentage" of UpCounsel's documents are "non-responsive to the Plaintiff's production requests"—is baseless. Indeed, Mr. Abhyanker has not seen most of UpCounsel's documents because they are responsive to RFPs that sought highly-

1314043

this lawsuit; they have served written discovery on UpCounsel and issued dozens of third-party subpoenas; and they have deposed UpCounsel's witnesses. It is time for Plaintiffs to comply with their Rule 26 and Rule 34 obligations. UpCounsel therefore requests that this Court (1) compel Plaintiffs to substantially complete their document production by January 7, 2019; (2) articulate the precise scope of the documents that they are producing and withholding and on what grounds; and (3) enter an ESI order requiring Plaintiffs to Bates stamp and provide metadata for their production.[2]

Over the past two months, UpCounsel has tried time and again to negotiate with Plaintiffs. Indeed, on November 16, 2018, UpCounsel sent Plaintiffs a 10-page letter laying out what it understood to be *Plaintiffs'* position on each request and seeking clarification where needed. Plaintiffs have steadfastly refused to respond to UpCounsel's correspondence, or to supplement their written responses. And until hours ago, they had not produced a *single* document. What they have turned over are a litany of excuses.

*First*, Plaintiffs refuse to produce documents until the parties finalize an ESI stipulation—which *Plaintiffs* refuse to sign. Plaintiffs have vacillated: three weeks ago, they promised they were "ready to sign the ESI stipulation." Then they reneged, arguing that they were willing to produce PDF images of documents but not TIFFs. To move things along, UpCounsel agreed to that proposal—but then Plaintiffs changed course again. More recently, Plaintiffs have offered to produce documents in *native* format alone, without processing them or Bates-stamping them. That is obviously unworkable. The parties cannot litigate this dispute efficiently if Plaintiffs refuse to Bates-stamp their documents (indeed, Plaintiffs' lawyers have already found it impossible to point deponents to particular pages). How will Plaintiffs produce redaction logs—as they propose to do—without any way to identify what documents they are referring to? This District's model ESI stipulation contemplates that the parties should produce PDF or TIFF images and should Bates stamp their documents; there is no reason those basic requirements shouldn't apply here.[3] Plaintiffs' complaints about costs need to be put in context: Plaintiffs' combined annual revenue exceeds $10 million and they have chosen to file 11 separate federal lawsuits. They should now comply with standard protocol. Accordingly,

---

confidential information. Plaintiffs' already-tired claim that UpCounsel has "fabricated" documents is equally baseless and even more inflammatory, as Plaintiffs know full well.

[2] With the Court's permission, UpCounsel will submit a proposed ESI order—an order that Plaintiffs themselves previously approved.

[3] Plaintiffs' refusal to comply with basic ESI protocol is especially worrisome here, because their counsel, Raj Abhyanker, has previously been accused of fabricating and doctoring documents in litigation in this District (allegations that his counsel did not contest). *See Nextdoor.com v. Raj Abhyanker*, No. 12-cv-5667-EMC (N.D. Cal.) at Dkt. No. 392 ("Abhyanker fabricated the only 'evidence' of his alleged prior use of the NEXTDOOR mark (on the eDirectree site), and then spoliated the site's source code…."); *see also* Dkt. No. 411 at 20–23, 29–30, 33–34 (hearing transcript wherein Abhyanker's counsel does not contest allegations of fabrication).

**VIA CM/ECF E-FILING**

December 21, 2018
Page 3

UpCounsel requests that the Court enter an ESI order requiring Plaintiffs to produce documents with Bates stamps, and proper metadata.

*Second*, Plaintiffs have unilaterally refused to produce documents relating to individual attorneys who have used UpCounsel's platform because a separate, duplicative *state-court* case brought by Plaintiffs has been stayed.[4] These include UpCounsel's Requests No. 9, 10, 13, 15, 25, 26, 27, 28, and 30. *See* Ex. A. But the state court stay doesn't affect *this* lawsuit, and UpCounsel's RFPs are relevant here: Plaintiffs' communications with those individual attorneys may well reveal how they use the UpCounsel platform and will undermine Plaintiffs' claims that UpCounsel engaged in improper business practices (such as fee-sharing). In fact, Plaintiffs themselves seek to depose one of those individual attorneys they named as a defendant in the state-court action. Documents relating to the individual attorney who have used the UpCounsel platform are relevant, proportional to the needs of this case, and should be produced. *See* Fed. R. Civ. P. 26(b).[5]

*Finally*, Plaintiffs have refused to produce documents because they fear that Trademarkia—one of the Plaintiffs—will be dismissed for lack of standing. But, of course, that logic applies to *all* of the parties in this case, and certainly does not alleviate anyone's Rule 26 or Rule 34 obligations.

In preparing this letter brief, Plaintiffs suddenly decided that they would "produce substantially responsive documents by January 10, 2019." But they have made these claims before (particularly in the face of Court intervention) and failed to deliver. Weeks ago, they said they were aiming to produce documents "before the holidays." When UpCounsel sought confirmation, they reneged. Then after a meet and confer a week ago, they promised this time that RAPC (though not Trademarkia) would produce "some" discovery by December 21, 2018, without waiting for an ESI stipulation, and would "try to see if [they] can Bates stamp." Then they changed their mind, offering only to produce documents in January 2019—days before Mr. Abhyanker's scheduled deposition.

In a last-ditch attempt to avoid this letter, Plaintiffs suddenly produced what mostly appear to be documents about *UpCounsel*. Despite UpCounsel's requests, Plaintiffs have refused to explain what this last-minute production contains, which requests they are responsive to, or whether Plaintiffs plan to produce any other documents. UpCounsel can no longer rely on Plaintiffs' ever-shifting positions and their vague promises to produce "some" documents and now seeks the Court's help.

---

[4] RAPC and Mr. Abhyanker filed a state-court action against 51 individual attorneys who created profiles on the UpCounsel platform. The state court determined that that action was duplicative of this action and stayed it until November 6, 2019.

[5] Indeed, Mr. Abhyanker has admitted during an in-person meet and confer that "[t]here is plenty of documents [UpCounsel] do[es]n't have that [he] received informally" from third-parties.

UpCounsel respectfully asks that the Court order Plaintiffs to (1) substantially complete their document production by January 7, 2019 so that UpCounsel can attempt to work out what Plaintiffs refuse to turn over; (2) articulate the precise scope of the documents that they are withholding and producing; and (3) enter an ESI order requiring Plaintiffs to Bates stamp and provide metadata for their production.

## II.     Plaintiffs' Position:

Plaintiffs believe this letter by UpCounsel is totally unnecessary and is wasting the Court's time. Plaintiffs are diligently working to produce documents, and have agreed to produce substantially responsive documents by January 10, 2019.[6] In addition, Plaintiffs have already provided to UpCounsel a signed ESI stipulation that they will accept, marking up one that UpCounsel proposes.

UpCounsel's contention that they have produced "500 pages of documents" is disingenuous. A great percentage of pages produced by UpCounsel are mere printouts from publicly visible pages. Only a few documents are relevant to any of the requests in this case, or documents showing a non-existent customers or attorneys of UpCounsel "Mason Client" and "Mason Attorney". These documents were apparently manufactured for the purposes of this litigation. RAPC has reason to believe that they were invented, *out of whole cloth*, to deceive the Plaintiffs. Tellingly, the manufactured documents were mixed with the general production of RFP provided by UpCounsel to Plaintiffs. Only after being confronted with allegations of potential fabrication did counsel for UpCounsel try to explain the manufactured documents as "explaining concepts" not responsive to any particular RFP.

Plaintiffs remind the Court of the great disparity in financial ability between the parties. Plaintiffs are self-funded businesses and struggling financially. In contrast, Defendant has $26 million in venture capital funding. It goes without saying that there are significant public policy interests in allowing the Plaintiffs to litigate this case. Plaintiffs have alleged violations of California criminal statutes giving rise to the unfair competition claim. In addition Plaintiffs have alleged deceitful behavior that has caused consumer harm by "skimming" a usury 24% of a legal fees charged to customers through UpCounsel without adequate disclosure.

But Plaintiffs should not be required to bear the financial burden of UpCounsel to entertain their arcane and overbearing version of the ESI. On December 12, 2018, Plaintiffs made a <u>non-confidential</u> settlement offer to settle the Lanham claims for $125,000, despite believing that their damages are significantly higher given their internal damages models and the

---

[6] Defendant alleges in their footnote that a strict ESI stipulation is necessary here because of unproven allegations of spoliation and fabrication in an unrelated case in this district *Nextdoor.com v. Raj Abhyanker*, No. 12-cv-5667-EMC (N.D. Cal.) at Dkt. No. 392. What Defendant fails to mention that neither Magistrate Judge Cousins, Magistrate Judge Lapport or Judge Chen made any conclusions of law or findings of fact of *any* spoliation or fabrication in that case.

VIA CM/ECF E-FILING

December 21, 2018
Page 5

costs and expenses of litigating this claim. Had UpCounsel accepted, the remaining claims in this case are just injunction. The next day, UpCounsel declined the offer. Plaintiffs are acting as private prosecutors in this litigation for their benefit as well as the benefit of public interest given the massive consumer harm alleged in the first amended complaint through false statements, non-existent attorneys in cities advertised, fabricated ratings, and illegal and deceptive fee structures.

Plaintiffs are ready and willing to produce files in their native format, which contains all the metadata associated to the files being produced. In native format, the metadata of the files are completely encapsulated, intact and cannot be tampered with. It is expensive and time consuming to transfer a native file, *e.g.*, a Google email archive file ("*.eml"), into a TIFF or PDF file. For instance, to produce 1,000 emails, with an average of 3 pages per email, a party has to produce 3,000 TIFF files. But just producing the TIFF is not enough, Defendant is forcing Plaintiffs to also produce the "load files" with over 30 metadata fields, which are all already contained in the original native file format in the first place. We do not have any of the expensive e-discovery tools like Concordance or Clearwell to produce these load files. We would have to either create the files manually ourselves or pay an outside ESI service company to create them.

We have made our position clear to UpCounsel—we are willing to produce documents in TIFF or PDF format if UpCounsel is willing to pay for it. The estimate that Plaintiffs have received from Blackstone Discovery is $4,580.00 to produce documents the way the UpCounsel insists. For now, in *good faith* and to keep things moving along, Plaintiffs have authorized that production to be done by Blackstone in the format that UpCounsel insists, but insist that UpCounsel reimburse them for this unneeded expense.

Plaintiffs remind UpCounsel of Section 6 of the standard model ESI stipulation of the Northern District of California:

The parties agree to produce documents in ☐PDF, ☐TIFF, ☐native and/or ☐paper or a combination thereof (check all that apply)] file formats.

Clearly, providing files in native format *only* is allowed in the Northern District. The debate should end here.

Respectfully,

| KEKER, VAN NEST & PETERS LLP | LEGALFORCE RAPC WORDLWIDE P.C. |
|---|---|
| */s/ Simona Agnolucci* | */s/ Raj Abhyankar* |
| Simona Agnolucci | Raj Abhyankar |
| Attorney for Defendant | Attorney for Plaintiffs |
| UpCounsel, Inc. | LegalForce RAPC Worldwide P.C. |
| | LegalForce, Inc. |

1314043