# EXHIBIT A

KEKER, VAN NEST & PETERS LLP
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
ABRAHAM H. FINE - # 292647
afine@keker.com
JESSELYN K. FRILEY - # 319198
jfriley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
UPCOUNSEL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.; and LEGALFORCE, INC., <br><br>             Plaintiffs, <br><br>        v. <br><br> UPCOUNSEL, INC., <br><br>             Defendant. | Case No. 4:18-cv-02573-YGR <br><br> **DEFENDANT UPCOUNSEL, INC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF LEGALFORCE RAPC WORLDWIDE, P.C.** <br><br> Judge:      Hon. Yvonne Gonzalez Rogers <br><br> Date Filed:  May 2, 2018 <br><br> Trial Date:  September 30, 2019 |

PROPOUNDING PARTY:        Defendant UpCounsel, Inc.

RESPONDING PARTY:          Plaintiff LegalForce RAPC Worldwide, P.C.

SET NUMBER:                    One (Nos. 1-30)

1307590

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant UpCounsel, Inc. ("UpCounsel") requests that Plaintiff LegalForce RAPC Worldwide, P.C. ("RAPC") respond to the following First Set of Requests for Production in writing within thirty (30) days from the date of service hereof and produce for inspection and copying the documents and other tangible things described below.  The documents and things requested herein shall be produced for inspection and copying at the office of Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, California 94111.

### **DEFINITIONS**

1.      "LegalForce RAPC Worldwide, P.C.," or "RAPC" refers to Plaintiff LegalForce RAPC Worldwide, P.C. and/or its present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf, and all of its present or former subsidiaries, parents, divisions, and/or affiliates.

2.      "LegalForce, Inc.," or "Trademarkia" refers to Plaintiff LegalForce, Inc. and/or its present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf, and all of its present or former subsidiaries, parents, divisions, and/or affiliates.

3.      "LegalForce One" refers to LegalForce.com, the marketplace for online legal services described in paragraphs 13-15 of the First Amended Complaint.

4.      "You," "Your," or the "LegalForce entities" refers to RAPC, Trademarkia, and LegalForce One, collectively, and all of their present or former subsidiaries, parents, divisions, and/or affiliates, as well as their present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf.

5.      "UpCounsel, Inc.," "UpCounsel," or "Defendant" refers to Defendant UpCounsel, Inc. and/or its present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf, and all of its present or former subsidiaries, parents, divisions, and/or affiliates.

6.      "Individual Attorneys" refers to all attorneys who have listed themselves on, or provided legal services via, any web pages hosted at the UpCounsel.com domain.

1307590

7. "Patent work" or "patent services" refers to legal services related to patents, including patent preparation, patent prosecution, and patent filings that You allege You provide in paragraphs 7-8 of the First Amended Complaint.

8. "Trademark work" or "trademark services" refers to legal services related to trademark, including trademark preparation, trademark prosecution, trademark filing, and trademark search services that You allege You provide in paragraphs 7-8 of the First Amended Complaint.

9. "Copyright work" or "copyright services" refers to legal services related to copyright, including copyright registration and counseling that You allege You provide in paragraphs 7-8 of the First Amended Complaint.

10. "Corporate work," or "corporate services" refers to legal services related to corporate formation, and stock or equity restructuring that You allege You provide in paragraphs 7-8 of the First Amended Complaint.

11. "Litigation," or "Action," refers to the above-captioned lawsuit, Case No. 4:18-cv-02573-YGR in the U.S. District Court for the Northern District of California, filed by RAPC and Trademarkia against UpCounsel on May 2, 2018.

12. "Complaint," "First Amended Complaint," or "FAC" refers to the First Amended Complaint, Dkt. No. 45 in this Action, which RAPC and Trademarkia filed on September 11, 2018.

13. "Other Lawsuits" or "Related Litigation" refers to the actions that You filed against Your alleged competitors and/or Individual Attorneys, including the state court action captioned *LegalForce RAPC Worldwide P.C. et al. v. Elizabeth J. Oliner, et al.*, Case No. 18CV332509 pending in the Superior Court for the State of California in and for the County of Santa Clara, and the following federal court actions: *RAPC Worldwide, P.C. et al. v. LegalZoom.Com, Inc. et al.*, No. 3:17-cv-07194-MMC (N.D. Cal. Dec. 19, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al.*, No. 3:17-cv-07303-MMC (N.D. Cal. Dec. 26, 2017); *LegalForce RAPC Worldwide, P.C. et al. v. Swyers et al.*, No. 3:17-cv-07318-MMC (N.D. Cal. Dec. 27, 2017); *LegalForce RAPC Worldwide, P.C. et al. v. FileMy,*

2

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
LEGALFORCE RAPC WORLDWIDE, P.C.
Case No. 4:18-cv-02573-YGR

*LLC et al.*, No. 3:17-cv-07331-MMC (N.D. Cal. Dec. 27, 2017); *LegalForce RAPC Worldwide, P.C. et al. v. Trademarks Information International LLC et al.*, No. 3:17-cv-07354-MMC (N.D. Cal. Dec. 28, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Demassa*, No. 3:18-cv-00043-MMC (N.D. Cal. Jan. 3, 2018); *LegalForce RAPC Worldwide, P.C. et al. v. Iacob et al.*, No. 3:18-cv-00127-MMC (N.D. Cal. Jan. 5, 2018); *LegalForce RAPC Worldwide, P.C. et al. v. MyCorporation Business Services, Inc. et al.*, No. 3:18-cv-00142-MMC (N.D. Cal. Jan. 8, 2018).

14.     "Document" or "documents" means any original and every non-identical copy, draft or reproduction of any document, writing or record within the broad context of Rule 34 of the Federal Rules of Civil Procedure, in the possession, custody or control of Plaintiffs or their agents, assigns, or representatives, including, for example, but not limited to: correspondence, telegrams, memoranda, communications, minutes or records of meetings and conferences, lists of persons attending meetings or conferences, summaries, records of conversations, text messages, slack messages, instant messaging that logs, social media postings, social media messages, statements, announcements, tape recordings, audio recordings, electronic voice message recordings, motion pictures, video recordings, drafts, notes, notebooks, logs, drawings, graphs, charts, photographs, data compilations, intake forms, time cards, computer records or printouts, facsimile, email or other electronic communications (including their metadata), computer files, reports, opinions, and summaries, whether printed, recorded, written by hand, stored electronically or on computer disc or in some other tangible medium of expression from which the information can be retrieved, perceived or understood.

15.     "Communication" or "communications" shall refer to every manner or method of disclosure or transfer or exchange of information however made.  This includes but is not limited to communications conducted in person, by telephone, mail, email, voicemail, facsimile, chat, text message, slack message, personal delivery or otherwise.

16.     "Person(s)" or "entit(ies)" means any individual or firm, association, joint venture, trust, partnership, corporation, or other collective organization.

17.     "Third party" and "third parties" mean any person or entity other than RAPC, Trademarkia, and UpCounsel, including without limitation customers, potential customers,

1307590

lenders, creditors, potential lenders, potential creditors, licensors, potential licensors, licensees, potential licensees, investment analysts, media outlets, development partners, joint venturers.

18.     "Relate to," "relating to," and "related to" includes, without limitation, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, comprising, constituting, evidencing, memorializing, pertaining to, and/or supporting.

19.     "Include(s)" and "including" shall be construed to mean "without limitation."

20.     "Identify" means to establish the identity of some person and/or the nature and definitive characteristics of something, with as much specificity as possible.  For a person or entity, "identify" further means to provide the full name, last known address, and last known telephone number of the person or entity, or as much of that information that is available to You after a reasonable and diligent search.  For a document, "identify" further means that You are required to provide, to the extent applicable, the (i) type of document; (ii) date of the document; (iii) author(s), addressee(s) and recipient(s); and (iv) any Bates number assigned to the document in this action.

21.     "Date" means the exact day, month, and year, to the extent known or, if unknown, Plaintiffs' best approximation thereof.

22.     "All," "any," and "each" are interchangeable, and shall each be construed as encompassing any and all.

23.     The use of the singular form of any word includes the plural and vice versa.

24.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

25.     All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

## **INSTRUCTIONS**

1.     Produce all documents in Your possession, custody or control, including information in the possession of Your attorneys, or other persons directly or indirectly employed or retained by You, or connected with You or Your attorneys, or anyone else acting on Your

1307590

behalf or otherwise subject to Your control.  You must provide the original of each document and each non-identical copy of each document or other tangible thing that is in Your possession.

2. Respond separately to each request.  If You cannot respond to any document request in full, respond to the fullest extent possible, explain why You cannot respond to the remainder, and describe the nature of the documents that You cannot produce.

3. Electronically stored information ("ESI") must be produced in a searchable format that retains both data and metadata, and must comply with any stipulation the parties enter into regarding ESI.

4. Each document and/or thing produced shall be produced as it is kept in the usual course of business, including all file folders, binders, notebooks and other devices by which such papers or things may be organized or separated, or shall be organized and labeled to correspond with the categories of each demand to which the produced documents are responsive.

5. A representation of inability to comply with a particular demand shall affirm that a diligent search and a reasonable inquiry have been made.  The statement shall also specify whether the inability to comply is because the item has never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or no longer is, in Your possession, custody, or control.  If the item is not in Your possession, custody, or control, the statement shall specify the name and address of any natural person or organization believed to have such possession, custody, or control.

6. If You or Your counsel objects to any demand, please set forth the extent of and specific ground for the objection. If an objection relates to only a portion of a demand, or a word, phrase, or clause contained within it, please to state Your objection to that portion only and to respond with a statement of compliance, or a representation of Your inability to comply, with respect to the remainder of the demand.

7. For any document or thing otherwise responsive to these requests that You withhold on the grounds of a claim of attorney–client privilege, work product immunity, or some other privilege or immunity, provide a privilege log that provides sufficient detail to enable the claim of privilege or immunity to be adjudicated, including:

1307590

(a)    all persons making or receiving the privileged or protected communication;

(b)    the date of the communication;

(c)    the subject matter of the communication; and

(d)    the basis for the privilege or immunity.

8.    If no documents or things are responsive to a particular request, You are to state that no responsive documents or things exist.

9.    Any documents redacted for privilege should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated and included within a privilege log.

10.    In the event You claim a request is overbroad, You shall produce documents and things responsive to that portion of the request which You believe is unobjectionable and specifically identify the respect in which the request is allegedly overbroad.  If You contend a request, definition, or instruction is vague or ambiguous, You should identify what language is considered ambiguous and state the interpretation used in responding.

11.    If You or Your attorney know of the existence, past or present, of a requested document but such document is not currently in Your possession, custody, or control, or in the possession, custody, or control of Your agents, representatives, or attorneys, identify the document and the person in whose possession, custody, or control the document was last known to reside.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

12.    The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

13.    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these requests any information which might otherwise be considered beyond its scope.

1307590

14.     If subsequent to service of an answer or objection to any request, You obtain or become aware of further documents or things relating to said request, You are required to serve an amended answer producing such documents or things, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

15.     Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these requests or as an admission at the trial of the relevance or materiality of any of the matters covered by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Organization chart(s) sufficient to show the relationship(s) among the various LegalForce entities and their owners and subsidiaries, including but not limited to RAPC, Trademarkia, and LegalForce One.

**REQUEST FOR PRODUCTION NO. 2:**

Organization chart(s) sufficient to identify Your employees and their roles and reporting structures.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and communications related to the supposed "offer for venture capital funding . . . for $500,000," as alleged in paragraph 14 of Your FAC.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and communications related to "requests . . . made by the venture capitalists that LegalForce" adopt its business model "to permit markup of attorney fees," as alleged in paragraph 15 of Your FAC.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and communications that You have sent, presented to, or received from a potential or actual investor or venture capitalist relating to Your business model(s).

**REQUEST FOR PRODUCTION NO. 6:**

Documents and communications that You have sent to or received from law firms, ethics

7

1307590

experts, state bar(s), and/or the USPTO relating to Your business model(s).

**REQUEST FOR PRODUCTION NO. 7:**

Documents and communications that You have sent to or received from law firms, ethics experts, state bar(s), and/or the USPTO relating to UpCounsel or its business model, or the Individual Attorneys.

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications related to any efforts by You or on Your behalf to start a marketplace for online legal services since 2007, including but not limited to LegalForce One.

**REQUEST FOR PRODUCTION NO. 9:**

Communications You have sent to or received from any Individual Attorneys, including communications with attorneys acting on their behalf.  (You need not produce communications You or Your lawyers have had directly with Keker, Van Nest & Peters attorneys.)

**REQUEST FOR PRODUCTION NO. 10:**

Communications You have sent to or received from persons who have used UpCounsel to find an attorney, including persons who have retained any Individual Attorneys.

**REQUEST FOR PRODUCTION NO. 11:**

Documents, including Your internal meeting minutes or strategy documents, explaining the goals or purposes of this Litigation or Related Litigation.

**REQUEST FOR PRODUCTION NO. 12:**

Communications You have sent to or received from any ethics experts, state bar, or the USPTO regarding complaints about or investigations into You, Your companies, or Your employees.

**REQUEST FOR PRODUCTION NO. 13:**

Communications You have sent to or received from any ethics experts, state bar, or the USPTO regarding complaints You have lodged about UpCounsel, its business model, or any Individual Attorneys.

**REQUEST FOR PRODUCTION NO. 14:**

Documents or communications related to any investigation or analysis undertaken by You

8

1307590

1   or at Your direction at any time regarding actual or potential violation of Your obligation to any

2   state bar or the USPTO by You, Your companies, or Your employees.

3   **REQUEST FOR PRODUCTION NO. 15:**

4       Documents or communications related to any investigation or analysis undertaken by You

5   or at Your direction at any time regarding actual or potential violation of UpCounsel's or the

6   Individual Attorneys' obligation to any state bar or the USPTO by You, Your companies, or Your

7   employees.

8   **REQUEST FOR PRODUCTION NO. 16:**

9       Documents sufficient to demonstrate Your annual revenues and profits since 2008,

10  including breakdowns that demonstrate the amount and proportion of Your revenues and profits

11  that came from trademark, patent, copyright, or corporate services.

12  **REQUEST FOR PRODUCTION NO. 17:**

13      Documents that demonstrate, on a month-by-month basis, the total number of visits to

14  Your website(s) from 2008 to the present, including the number of visits to sections of those

15  websites that provide trademark, patent, copyright, or corporate services.

16  **REQUEST FOR PRODUCTION NO. 18:**

17      Documents and communications that demonstrate the "market share decline from nearly

18  3% of all U.S. trademarks filed in the United States in 2011 to approximately 1.8% in 2017," that

19  You allege to have experienced in paragraph 115 of Your FAC.

20  **REQUEST FOR PRODUCTION NO. 19:**

21      Documents and communications that demonstrate the "lost market share of approximately

22  1.1% of the overall trademark market since 2011," that You alleged RAPC experienced in

23  paragraph 115 of Your FAC.

24  **REQUEST FOR PRODUCTION NO. 20:**

25      Documents sufficient to demonstrate Your marketing and advertising spend, on an annual

26  basis since 2008.

27  **REQUEST FOR PRODUCTION NO. 21:**

28      Documents sufficient to show the number of new clients You retained on an annual basis

1307590

since 2008.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to demonstrate Your "costs per client acquisition" since 2008, as that term is used in paragraph 116 of the FAC, including breakdowns that demonstrate what portions of the costs are attributable to which marketing and advertising efforts You have engaged in.

**REQUEST FOR PRODUCTION NO. 23:**

Documents related to Your evaluation, assessment, or analysis of the impact of UpCounsel on Your marketing and advertising spend.

**REQUEST FOR PRODUCTION NO. 24:**

Documents related to Your evaluation, assessment, or analysis of the impact of UpCounsel on Your revenues, costs, profits, and/or market share.

**REQUEST FOR PRODUCTION NO. 25:**

Documents, including published articles, YouTube videos, or posts on blogs, LinkedIn, Facebook, or other social media platforms, containing any public statement You have made about UpCounsel, UpCounsel's business model, or any Individual Attorneys.

**REQUEST FOR PRODUCTION NO. 26:**

Communications related to or discussed UpCounsel, UpCounsel's business model, or any Individual Attorneys.

**REQUEST FOR PRODUCTION NO. 27:**

Documents, including emails, published articles, YouTube videos, or posts on blogs, LinkedIn, Facebook, or the like, containing any public description of this Litigation or Related Litigation.

**REQUEST FOR PRODUCTION NO. 28:**

Communications that discussed this Litigation or the state court action captioned *LegalForce RAPC Worldwide P.C. et al. v. Elizabeth J. Oliner, et al.*, Case No. 18CV332509 pending in the Superior Court for the State of California in and for the County of Santa Clara, including but not limited to analysis of the purposes or merits of those lawsuits. (You need not

10

1307590

produce communications You or Your lawyers have had directly with Keker, Van Nest & Peters attorneys.)

**REQUEST FOR PRODUCTION NO. 29:**

Documents and communications You have received in response to third-party subpoenas You have served in connection with this Litigation.

**REQUEST FOR PRODUCTION NO. 30:**

Documents and communications You have obtained as part of Your discovery efforts for this Litigation and Related Litigation related to UpCounsel, UpCounsel's business model, or any Individual Attorneys.

Dated:  October 23, 2018                                      KEKER, VAN NEST & PETERS LLP

                                              By:    */s/ Simona A. Agnolucci*
                                                     SIMONA A. AGNOLUCCI
                                                     NICHOLAS D. MARAIS
                                                     ABRAHAM H. FINE
                                                     JESSELYN K. FRILEY

                                                     Attorneys for Defendant
                                                     UPCOUNSEL, INC.

1307590

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On October 23, 2018, I served the following document(s):

- **DEFENDANT UPCOUNSEL, INC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF LEGALFORCE RAPC WORLDWIDE, P.C. (Nos. 1-30)**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Raj V. Abhyanker
**LegalForce RAPC Worldwide, P.C.**
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
(650) 965-8731
raj@legalforcelaw.com

Executed on October 23, 2018, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Alisa Thompson

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
LEGALFORCE RAPC WORLDWIDE, P.C.
Case No. 4:18-cv-02573-YGR

1307590

RAJ V. ABHYANKER, California SBN 233284
Email: raj@legalforcelaw.com
WENSHENG MA, California SBN 299961
Email: vincent@legalforcelaw.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:    (650) 965-8731
Facsimile:    (650) 989-2131

Attorney for Plaintiffs,
LegalForce RAPC Worldwide, P.C. and
LegalForce, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C. and LEGALFORCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UPCOUNSEL, INC.; and DOES 1-1000, INCLUSIVE, <br><br> Defendants. | Case No.:  4:18-cv-02573-YGR <br><br> **PLAINTIFF LEGALFORCE RAPC WORLDWIDE, P.C.'s RESPONSE TO DEFENDANT UPCOUNSEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:  UPCOUNSEL, INC.

RESPONDING PARTY:    LEGALFORCE RAPC WORLDWIDE, P.C.

SET NUMBER:          ONE (1)

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Civil Local Rules of the

United States District Court for the Northern District of California , Plaintiff LegalForce RAPC

Worldwide, P.C.'s ("RAPC") hereby responds to Defendant UpCounsel, Inc. ("UpCounsel")'s

First Set of Requests for Production (Nos. 1-30).

## I.     PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.   Each of RAPC's responses is subject to, and incorporates, the following general statement and objections. RAPC specifically incorporates each of these general objections into its responses to each of UpCounsel's document requests, whether or not each such general objection is expressly referred to in RAPC's response to a specific request.

2.   An agreement to produce responsive documents or things in the responses below means only that RAPC will produce relevant and responsive non-privileged documents or things within its possession, custody or control that it identifies after a reasonable search and diligent inquiry, and is not a representation that any such responsive documents or things exist.

3.   RAPC objects to the instructions, definitions, and requests for production because they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules of Civil Procedure and the Local Rules. RAPC's responses will be provided in accordance with the Federal Rules of Civil Procedure and the Local Rules.

4.   RAPC objects to any production request because it seeks information, documents or things protected from discovery under: (a) the attorney-client privilege; (b) the attorney work-product doctrine; (c) the common-interest and joint-defense doctrines; and/or (d) any other applicable privilege, doctrine, or immunity or protection from disclosure afforded by state or federal law. The inadvertent production by RAPC of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by RAPC of such protections.

5.   RAPC objects to any request because it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon RAPC any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order. In particular, RAPC objects to any request because it calls for information not relevant to the claims or defenses of the parties, or proportional to the needs of this case.

6.   RAPC objects to each request because it is vague, ambiguous, overbroad, or unduly burdensome as to the timeframe.

2

Plaintiff Legalforce RAPC Worldwide, P.C.'s Response To Defendant Upcounsel, Inc.'s
First Set Of Requests For Production Of Documents
Case No.: 4:18-cv-02573-YGR

7. RAPC objects to any request because it seeks the premature disclosure of expert opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

8. RAPC objects to any request because it purports to attribute any special or unusual meaning to any term or phrase.

9. RAPC objects to any instruction or request because it would impose a duty on RAPC to undertake a search for, or an evaluation of, information, documents, or things for which UpCounsel is equally able to search for and evaluate, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of UpCounsel.

10. RAPC objects to producing documents or things to UpCounsel's counsel at the time these responses are served because doing so, in light of the overall number and breadth of UpCounsel's discovery requests, would be unduly burdensome and oppressive. Subject to the objections stated in these responses, and because RAPC has agreed to produce responsive documents or things, RAPC will produce such documents or things, because they exist and are identified after a reasonable and diligent search, at a date and location to be agreed upon by counsel and in accordance with whatever scheduling order the Court ultimately enters in this action.

11. RAPC objects to any instruction or request as unduly burdensome and oppressive because it seeks documents or things which RAPC does not track and prepare in the regular course of business. An agreement by RAPC to produce a document or things for purposes of this litigation does not waive this objection.

12. RAPC objects to any request that seeks information or things containing or reflecting proprietary information, trade secrets, or other confidential information belonging to RAPC, or such information provided to RAPC by any third party under an obligation of confidentiality, except as permitted by and pursuant to the terms of the Stipulated Protective Order entered by the Court on October 11, 2018 as Docket No. 54 (the "Protective Order") governing and limiting the dissemination and use of such information.

Plaintiff Legalforce RAPC Worldwide, P.C.'s Response To Defendant Upcounsel, Inc.'s
First Set Of Requests For Production Of Documents
Case No.: 4:18-cv-02573-YGR

13. RAPC objects to the requests because they seek confidential, proprietary, or trade secret information of third parties.

14. RAPC's objections and responses to these requests are not intended to waive or prejudice any objections RAPC may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any request, or as to the admissibility of any information or category of information at trial or in any other proceedings. RAPC expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules. The failure to assert such rights and privileges, or the inadvertent disclosure by RAPC of information protected by such rights and privileges, shall not constitute a waiver thereof, either related to these responses or any future discovery responses or objections.

15. RAPC objects to any request because it requires RAPC to search, review, and produce emails or other electronic documents outside the scope of the Federal Rules of Civil Procedure, the existing Court orders, and agreements of the parties concerning the production of electronically stored information in this action, and any other relevant rules or orders.

16. RAPC objects to UpCounsel's "Definitions" and to any request because they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties. RAPC's responses to each of UpCounsel's requests shall not constitute an admission or concession to any of the definitions, terms, and phrases used therein.

17. By responding to any request, RAPC does not concede the relevance or admissibility of any of the information provided.

18. By responding to any request, RAPC does not assume the burden of persuasion or burden of production as to any issue therein.

19. RAPC has responded to the requests as it interprets and understands them. If UpCounsel subsequently asserts an interpretation of any request that differs from RAPC's understanding of that request, RAPC reserves the right to supplement its objections and/or responses.

20. RAPC further objections to these Requests because it seeks confidential or proprietary

information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of employees at RAPC and its in-house and external counsel.

21. RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter.

22. Discovery in this matter is ongoing. Accordingly, RAPC reserves the right to change, amend, or supplement any or all of the matters contained and/or documents produced pursuant to these responses as RAPC's investigation continues, additional facts are ascertained, analyses are made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

## II.   OBJECTIONS TO DEFINITIONS

1. RAPC objects to the definitions of "You," "Your," or the "LegalForce entities" as referring to "RAPC, Trademarkia, and LegalForce One, collectively, and all of their present or former subsidiaries, parents, divisions, and/or affiliates, as well as their present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf" because the definition is unclear, confusing, overbroad, excessively burdensome, untenable, illogical, and made in bad faith. For example, Trademarkia is co-plaintiff and a separate company from RAPC. It is illogical for UpCounsel to define "You" or "Your" in this RFP to include Trademarkia "collectively", when UpCounsel has already separately propounded RFP against Trademarkia. Moreover, LegalForce One appears to be referring to a corporation that has been dissolved.

2. RAPC objects to the definition of "Individual Attorneys" referring to all attorneys who have listed themselves on, or provided legal services via, any web pages hosted at the UpCounsel.com domain, because the definition is unclear, confusing, overbroad, excessively burdensome, untenable, illogical, requested in bad faith, and purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority. For example, there are over 59,000 web pages on UpCounsel.com and a vast majority of these pages list attorneys. It would be unreasonable for

RAPC to find out who this request is asking for given the breadth of the UpCounsel website. In addition, some persons fitting into this definition of "Individual Attorneys" are current or former employees of and contractors to RAPC, some are retained outside counsel to RAPC, some may be adverse to RAPC in various unrelated disputes on behalf of private clients, and some may themselves be, were, or claim to be, clients of RAPC.

3.   RAPC objects to the definitions of "Other Lawsuits" or "Related Litigation" because the definition is inconsistent with federal Judge Chesney's ruling in 3:17-cv-07194-MMC that the present case is unrelated to the identified cases, as well as being unclear, confusing, overbroad, excessively burdensome, untenable, illogical, requested in bad faith, and purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

4.   RAPC objects to the definitions of "Third party" and "third parties" meaning any person or entity other than RAPC, Trademarkia, and UpCounsel, including, without limitation, customers, potential customers, lenders, creditors, potential lenders, potential creditors, licensors, potential licensors, licensees, potential licensees, investment analysts, media outlets, development partners, or joint venturers because it is unclear, confusing, overbroad, excessively burdensome, untenable, illogical, requested in bad faith, and purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

5.   RAPC objects to the definition of "document" because it purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

6.   RAPC objects to the definition of "communication" as overbroad, vague, and ambiguous as it results in Requests that are irrelevant to any party's claims or defenses and disproportionate to the needs of the case.

7.   RAPC will respond to the Requests for Production consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules, and applicable authority.

III.   **OBJECTIONS TO INSTRUCTIONS**

RAPC objects to the instruction of requesting a privilege log on any documents withheld on the grounds of a claim of attorney-client privilege, work product immunity, or some other privilege or immunity  because it includes communication between in-house counsel in this case and their clients and amongst themselves, is unclear, confusing, overbroad, excessively burdensome, untenable, illogical, requested in bad faith, and purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority. A privilege log would require preparation of tens of thousands, and possibly over one-hundred thousand entries, which would be excessively burdensome, expensive, wasteful, and not reasonably likely to lead to admissible evidence.

## IV.    SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

Organization chart(s) sufficient to show the relationship(s) among the various LegalForce entities and their owners and subsidiaries, including but not limited to RAPC, Trademarkia, and LegalForce One.

**RESPONSE TO REQUEST NO. 1:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because  it is vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks irrelevant human resources documents. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "show the relationship(s)" and "including but not limited to RAPC, Trademarkia, and LegalForce One."

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy of individuals and

RAPC.

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 2:**

Organization chart(s) sufficient to identify Your employees and their roles and reporting structures.

**RESPONSE TO REQUEST NO. 2:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks irrelevant human resources documents. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "Your employees."

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy of individuals and RAPC.

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 3:**

Documents and communications related to the supposed "offer for venture capital funding for $500,000," as alleged in paragraph 14 of Your FAC.

**RESPONSE TO REQUEST NO. 3:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, RAPC is willing to provide all responsive documents and communications related to this question. RAPC has determined that the best available source with metadata preserved for these documents is a backup of a Google gmail account archived at "jolly.rallp@gmail.com", made on or about November 2009, which memorialized previous emails sent and received between 2006 and 2009 that are responsive to this production request, originals of which have long been destroyed years prior to this dispute. RAPC is willing to share all responsive documents from the "jolly.rallp@gmail.com" email archive through the third-party forensics vendor Jon Berryhill at Berryhill Computer Forensics with all available metadata intact to ensure a proper custodial chain, subject to relevance and privilege review by RAPC counsel after confirmation from UpCounsel that the criteria below is acceptable:

> All emails and attachments stored in "jolly.rallp@gmail.com" between the time period of 2006 and 2009 having the words "kevin compton", "$500K", or "venture capital."

RAPC believes the criteria above yields a complete and thorough search for available documents and communications responsive to this production request. RAPC has comprehensively searched other locations and sources and has found no other sources in its custody or control where responsive documents and communications may be located that are relevant to this time period described in the FAC. Subject to and without waiving the foregoing general and specific objections, RAPC awaits confirmation of the criteria described above (or a clear and concrete suggested alternative proposal) to produce all responsive documents and communications to this Request.

**REQUEST NO. 4:**

Documents and communications related to "requests . . . made by the venture capitalists that LegalForce" adopt its business model "to permit markup of attorney fees," as alleged in paragraph 15 of Your FAC.

**RESPONSE TO REQUEST NO. 4:**

9

Plaintiff Legalforce RAPC Worldwide, P.C.'s Response To Defendant Upcounsel, Inc.'s
First Set Of Requests For Production Of Documents
Case No.: 4:18-cv-02573-YGR

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, RAPC is willing to provide all responsive documents and communications related to this question. RAPC has determined that the best available source with metadata preserved for these documents is a backup of a Google gmail account archived at "jolly.rallp@gmail.com", made on or about November 2009, which memorialized previous emails sent and received between 2006 and 2009 that are responsive to this production request, originals of which have long been destroyed years prior to this dispute. RAPC is willing to share all responsive documents from the "jolly.rallp@gmail.com" email archive through the third-party forensics vendor Jon Berryhill at Berryhill Computer Forensics with all available metadata intact to ensure a proper custodial chain, subject to relevance and privilege review by RAPC counsel after confirmation from UpCounsel that the criteria below is acceptable:

> All emails and attachments stored in "jolly.rallp@gmail.com" between the time period of 2006 and 2009 having the words "fee sharing", "markup", and "legalforce", "fenwick", "Gordy", "eLance, or "licensing issues".

RAPC believes the criteria above yields a complete and thorough search for available documents and communications responsive to this production request. RAPC has comprehensively searched other locations and sources and has found no other sources in its custody or control where responsive documents and communications may be located that are relevant to this time period described in the FAC. Subject to and without waiving the foregoing general and specific objections, RAPC awaits confirmation of the criteria described above (or a clear and concrete suggested alternative proposal) to produce all responsive documents and communications to this Request.

## REQUEST NO. 5:

Documents and communications that You have sent, presented to, or received from a potential or actual investor or venture capitalist relating to Your business model(s).

## RESPONSE TO REQUEST NO. 5:

RAPC incorporates each of its General Objections and Objections to Definitions and

Instructions as if fully set forth here. RAPC objects to this Request because it is vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "Your business model(s)."

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy of individuals and RAPC.

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 6:**

Documents and communications that You have sent to or received from law firms, ethics experts, state bar(s), and/or the USPTO relating to Your business model(s).

**RESPONSE TO REQUEST NO. 6:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous,

including the terms "ethics experts", "Your business model(s)."

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy of individuals and RAPC.

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 7:**

Documents and communications that You have sent to or received from law firms, ethics experts, state bar(s), and/or the USPTO relating to UpCounsel or its business model, or the Individual Attorneys.

**RESPONSE TO REQUEST NO. 7:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "ethics experts" and "Individual Attorneys".

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy and attorney-client

privilege of individuals at RAPC and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 8:**

Documents and communications related to any efforts by You or on Your behalf to start a marketplace for online legal services since 2007, including but not limited to LegalForce One.

**RESPONSE TO REQUEST NO. 8:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, RAPC is willing to provide all responsive documents and communications related to this question. RAPC has determined that best available source with metadata preserved for these documents is a backup of a Google gmail account archived at "jolly.rallp@gmail.com", made on or about November 2009, which memorialized previous emails sent and received between 2006 and 2009 that are responsive to this production request, originals of which have long been destroyed years prior to this dispute. RAPC is willing to share all responsive documents from the "jolly.rallp@gmail.com" email archive through the third-party forensics vendor Jon Berryhill at Berryhill Computer Forensics with all available metadata intact to ensure a proper custodial chain, subject to relevance and privilege review by RAPC counsel after confirmation from UpCounsel that the criteria below is acceptable:

*All emails and attachments stored in "jolly.rallp@gmail.com" between the time period of 2006 and 2009 having the words "legalforce", "marketplace", and "legal services".*

RAPC believes the criteria above yields a complete and thorough search for available documents and communications responsive to this production request. RAPC has comprehensively searched other locations and sources and has found no other sources in its custody or control where responsive documents and communications may be located that are relevant to this time period described in the FAC. Subject to and without waiving the foregoing

general and specific objections, RAPC awaits confirmation of the criteria described above (or a clear and concrete suggested alternative proposal) to produce all responsive documents and communications to this Request.

**REQUEST NO. 9:**

Communications You have sent to or received from any Individual Attorneys, including communications with attorneys acting on their behalf. (You need not produce communications You or Your lawyers have had directly with Keker, Van Nest & Peters attorneys.)

**RESPONSE TO REQUEST NO. 9:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "with attorneys acting on their behalf" and "Individual Attorneys".

RAPC objects to this Request because it is harassing, and calls for discovery in the state court litigation where discovery has been stayed. RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to RAPC's and "Individual Attorneys" business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of RAPC and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 10:**

Communications You have sent to or received from persons who have used UpCounsel to find an attorney, including persons who have retained any Individual Attorneys.

**RESPONSE TO REQUEST NO. 10:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "persons", "used", and "Individual Attorneys".

RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to RAPC's and "Individual Attorneys" business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of RAPC and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 11:**

Documents, including Your internal meeting minutes or strategy documents, explaining the goals or purposes of this Litigation or Related Litigation.

15

Plaintiff Legalforce RAPC Worldwide, P.C.'s Response To Defendant Upcounsel, Inc.'s
First Set Of Requests For Production Of Documents
Case No.: 4:18-cv-02573-YGR

**RESPONSE TO REQUEST NO. 11:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "meeting minutes", and "strategy documents."

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of employees at RAPC and its in-house and external counsel.

**REQUEST NO. 12:**

Communications You have sent to or received from any ethics experts, state bar, or the USPTO regarding complaints about or investigations into You, Your companies, or Your employees.

**RESPONSE TO REQUEST NO. 12:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not

relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "investigations into You, Your companies, or Your employees."

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of employees at RAPC and its in-house and external counsel.

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 13:**

Communications You have sent to or received from any ethics experts, state bar, or the USPTO regarding complaints You have lodged about UpCounsel, its business model, or any Individual Attorneys.

**RESPONSE TO REQUEST NO. 13:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "business model", "lodged", and "Individual Attorneys". Moreover, private

parties cannot lodge "complaints", only the State Bar and the USPTO can and therefore this request is vague.

RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to RAPC's and "Individual Attorneys" business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of RAPC and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 14:**

Documents or communications related to any investigation or analysis undertaken by You or at Your direction at any time regarding actual or potential violation of Your obligation to any state bar or the USPTO by You, Your companies, or Your employees.

**RESPONSE TO REQUEST NO. 14:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "potential", "investigation", and "analysis."

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of employees at RAPC and its in-house and external counsel.

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 15:**

Documents or communications related to any investigation or analysis undertaken by You or at Your direction at any time regarding actual or potential violation of UpCounsel's or the Individual Attorneys' obligation to any state bar or the USPTO by You, Your companies, or Your employees.

**RESPONSE TO REQUEST NO. 15:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "potential", "investigation", and "analysis", and "Individual Attorneys".

RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. RAPC further objects to this Request because its goal is to extract, for

improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to RAPC's and "Individual Attorneys" business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of RAPC and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 16:**

Documents sufficient to demonstrate Your annual revenues and profits since 2008, including breakdowns that demonstrate the amount and proportion of Your revenues and profits that came from trademark, patent, copyright, or corporate services.

**RESPONSE TO REQUEST NO. 16:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, RAPC is willing to provide copies of tax returns filed with the Internal Revenue Service for RAPC for the years 2014, 2015, 2016, and 2017. Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 17:**

Documents that demonstrate, on a month-by-month basis, the total number of visits to Your website(s) from 2008 to the present, including the number of visits to sections of those websites that provide trademark, patent, copyright, or corporate services.

**RESPONSE TO REQUEST NO. 17:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is overbroad as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as unduly burdensome, oppressive, compound, and seeking

documents not relevant or proportional to the needs of this action, because it seeks irrelevant documents. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "month-by-month", "basis", "total number of visits", and "Your website(s)".

RAPC also objects to this request because it seeks the premature disclosure of expert opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

RAPC further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to RAPC's business, trade secrets, and/or economic relationships. RAPC further objections to this Request because it seeks confidential or proprietary information that is irrelevant to the causes of action and defenses in this case.

Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 18:**

Documents and communications that demonstrate the "market share decline from nearly 3% of all U.S. trademarks filed in the United States in 2011 to approximately 1.8% in 2017," that You allege to have experienced in paragraph 115 of Your FAC.

**RESPONSE TO REQUEST NO. 18:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC also objects to this request because it seeks the premature disclosure of expert opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

RAPC objects to this Request because it requires preparation of summary reports that are relevant to damages by experts, or can otherwise be freely and easily be commissioned by UpCounsel using publicly available data sources from the United States Patent & Trademark

office through the federal government's "Trademark Case Files Dataset".

**REQUEST NO. 19:**

Documents and communications that demonstrate the "lost market share of approximately 1.1% of the overall trademark market since 2011," that You alleged RAPC experienced in paragraph 115 of Your FAC.

**RESPONSE TO REQUEST NO. 19:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC also objects to this request because it seeks the premature disclosure of expert opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

RAPC objects to this Request because it requires preparation of summary reports that are relevant to damages by experts, or can otherwise be freely and easily be commissioned by UpCounsel using publicly available data sources from the United States Patent & Trademark office through the federal government's "Trademark Case Files Dataset".

**REQUEST NO. 20:**

Documents sufficient to demonstrate Your marketing and advertising spend, on an annual basis since 2008.

**RESPONSE TO REQUEST NO. 20:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is overbroad as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks irrelevant documents. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "Your marketing and advertising spend".

RAPC also objects to this request because it seeks the premature disclosure of expert

opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

Subject to and without waiving the foregoing general and specific objections, RAPC is willing to provide summary reports of Adwords and Bing spend for the years 2014, 2015, 2016, and 2017. Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 21:**

Documents sufficient to show the number of new clients You retained on an annual basis since 2008

**RESPONSE TO REQUEST NO. 21:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it includes identification of clients whose identity may be protected by attorney-client privilege, is overbroad as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks irrelevant documents. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "You retained".

RAPC also objects to this request because it seeks the premature disclosure of expert opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

Subject to and without waiving the foregoing general and specific objections, RAPC objects to this Request because it requires preparation of summary reports of public information that are relevant to damages by experts, or can otherwise be freely and easily be commissioned

by UpCounsel using publicly available data sources from the United States Patent & Trademark office through the federal government's "Trademark Case Files Dataset" and the "Patent application full text data" set. Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 22:**

Documents sufficient to demonstrate Your "costs per client acquisition" since 2008, as that term is used in paragraph 116 of the FAC, including breakdowns that demonstrate what portions of the costs are attributable to which marketing and advertising efforts You have engaged in.

**RESPONSE TO REQUEST NO. 22:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it includes identification of clients whose identity may be protected by attorney-client privilege, is overbroad as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, RAPC objects to this Request as unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks irrelevant documents. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe. RAPC further objects to this Request as vague and ambiguous, including the terms "breakdowns that demonstrate what portions of the costs are attributable to which marketing and advertising efforts".

RAPC also objects to this request because it seeks the premature disclosure of expert opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

Subject to and without waiving the foregoing general and specific objections, RAPC is willing to provide summary reports of Adwords and Bing spend for the years 2014, 2015, 2016, and 2017. Subject to and without waiving the foregoing general and specific objections, RAPC

has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 23:**

Documents related to Your evaluation, assessment, or analysis of the impact of UpCounsel on Your marketing and advertising spend.

**RESPONSE TO REQUEST NO. 23:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to any request because it seeks the premature disclosure of expert opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth. Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 24:**

Documents related to Your evaluation, assessment, or analysis of the impact of UpCounsel on Your revenues, costs, profits, and/or market share.

**RESPONSE TO REQUEST NO. 24:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to any request because it seeks the premature disclosure of expert opinions or analysis. RAPC will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth. Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 25:**

Documents, including published articles, YouTube videos, or posts on blogs, LinkedIn, Facebook, or other social media platforms, containing any public statement You have made about UpCounsel, UpCounsel's business model, or any Individual Attorneys.

**RESPONSE TO REQUEST NO. 25:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, and protected activity under the first amendment freedom of speech.

RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe and definition of "You" and "Individual Attorneys". RAPC further objects to this Request as vague and ambiguous, including the terms "other social media platforms", and "Individual Attorneys". Subject to and without waiving the foregoing general and specific objections, RAPC has already explained that Raj Abhyanker, in his personal capacity only and not on behalf of RAPC, has commented about UpCounsel, UpCounsel's business model, or any Individual Attorneys on his personal Twitter profile (https://twitter.com/rajpatent) and his personal Linkedin profile (https://www.linkedin.com/in/rajthelawyer/) , as well as reporter that might have called him.

**REQUEST NO. 26:**

Communications related to or discussed UpCounsel, UpCounsel's business model, or any Individual Attorneys.

**RESPONSE TO REQUEST NO. 26:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, and protected activity under the first amendment freedom of speech or attorney-client privilege. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects

to this Request as overbroad, or unduly burdensome as to the timeframe and definition of "Individual Attorneys".

RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 27:**

Documents, including emails, published articles, YouTube videos, or posts on blogs, LinkedIn, Facebook, or the like, containing any public description of this Litigation or Related Litigation.

**RESPONSE TO REQUEST NO. 27:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, and protected activity under the first amendment freedom of speech. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe and scope. RAPC further objects to this Request as vague and ambiguous, including the terms "or the like" and "Related Litigation".

RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Subject to and without waiving the foregoing general and specific objections, RAPC has already explained that Raj Abhyanker, in his personal capacity only and not on behalf of RAPC, has commented about UpCounsel, UpCounsel's business model, or any Individual Attorneys on his personal Twitter profile (https://twitter.com/rajpatent) and his personal Linkedin profile (https://www.linkedin.com/in/rajthelawyer/), as well as reporter that might have called him.

**REQUEST NO. 28:**

Communications that discussed this Litigation or the state court action captioned LegalForce RAPC Worldwide P.C. et al. v. Elizabeth J. Oliner, et al., Case No. 18CV332509, pending in the Superior Court for the State of California in and for the County of Santa Clara, including but not limited to analysis of the purposes or merits of those lawsuits. (You need not produce communications You or Your lawyers have had directly with Keker, Van Nest & Peters attorneys.)

**RESPONSE TO REQUEST NO. 28:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, and calls for discovery in the state court litigation where discovery has been stayed. In addition, RAPC objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe and scope.

RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Subject to and without waiving the foregoing general and specific objections, RAPC has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 29:**

Documents and communications You have received in response to third-party subpoenas You have served in connection with this Litigation.

**RESPONSE TO REQUEST NO. 29:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, and calls for attorney-client communications.

Subject to and without waiving the foregoing general and specific objections, RAPC has

28

Plaintiff Legalforce RAPC Worldwide, P.C.'s Response To Defendant Upcounsel, Inc.'s
First Set Of Requests For Production Of Documents
Case No.: 4:18-cv-02573-YGR

fully provided all responsive discovery production from third-parties served with subpoenas in this Litigation.

**REQUEST NO. 30:**

Documents and communications You have obtained as part of Your discovery efforts for this Litigation and Related Litigation related to UpCounsel, UpCounsel's business model, or any Individual Attorneys.

**RESPONSE TO REQUEST NO. 30:**

RAPC incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. RAPC objects to this Request because it is harassing, and calls for attorney-client communications. RAPC objects to this Request as overbroad, or unduly burdensome as to the timeframe and definition of "business model" and "Individual Attorneys".

RAPC objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Subject to and without waiving the foregoing general and specific objections, RAPC has fully provided all responsive discovery production from third-parties served with subpoenas in this Litigation.

Dated: November 5, 2018     Respectfully submitted,
                 LEGALFORCE RAPC WORLDWIDE P.C.


                 ____/s/ Raj Abhyanker____
                 Raj V. Abhyanker (233284)
                 Attorney for Plaintiff:
                 LegalForce RAPC Worldwide P.C.

KEKER, VAN NEST & PETERS LLP
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
ABRAHAM H. FINE - # 292647
afine@keker.com
JESSELYN K. FRILEY - # 319198
jfriley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
UPCOUNSEL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.; and LEGALFORCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UPCOUNSEL, INC., <br><br> Defendant. | Case No. 4:18-cv-02573-YGR <br><br> **DEFENDANT UPCOUNSEL, INC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF LEGALFORCE, INC.** <br><br> Judge:        Hon. Yvonne Gonzalez Rogers <br><br> Date Filed:  May 2, 2018 <br><br> Trial Date:  September 30, 2019 |

PROPOUNDING PARTY:          Defendant UpCounsel, Inc.

RESPONDING PARTY:           Plaintiff LegalForce, Inc.

SET NUMBER:                 One (Nos. 1-30)

1307311

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant UpCounsel, Inc. ("UpCounsel") requests that Plaintiff LegalForce, Inc. ("Trademarkia") respond to the following First Set of Requests for Production in writing within thirty (30) days from the date of service hereof and produce for inspection and copying the documents and other tangible things described below.  The documents and things requested herein shall be produced for inspection and copying at the office of Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, California 94111.

## DEFINITIONS

1.      "LegalForce RAPC Worldwide, P.C.," or "RAPC" refers to Plaintiff LegalForce RAPC Worldwide, P.C. and/or its present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf, and all of its present or former subsidiaries, parents, divisions, and/or affiliates.

2.      "LegalForce, Inc.," or "Trademarkia" refers to Plaintiff LegalForce, Inc. and/or its present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf, and all of its present or former subsidiaries, parents, divisions, and/or affiliates.

3.      "LegalForce One" refers to LegalForce.com, the marketplace for online legal services described in paragraphs 13-15 of the First Amended Complaint.

4.      "You," "Your," or the "LegalForce entities" refers to RAPC, Trademarkia, and LegalForce One, collectively, and all of their present or former subsidiaries, parents, divisions, and/or affiliates, as well as their present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf.

5.      "UpCounsel, Inc.," "UpCounsel," or "Defendant" refers to Defendant UpCounsel, Inc. and/or its present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf, and all of its present or former subsidiaries, parents, divisions, and/or affiliates.

6.      "Individual Attorneys" refers to all attorneys who have listed themselves on, or provided legal services via, any web pages hosted at the UpCounsel.com domain.

1307311

7. "Patent work" or "patent services" refers to legal services related to patents, including patent preparation, patent prosecution, and patent filings that You allege You provide in paragraphs 7-8 of the First Amended Complaint.

8. "Trademark work" or "trademark services" refers to legal services related to trademark, including trademark preparation, trademark prosecution, trademark filing, and trademark search services that You allege You provide in paragraphs 7-8 of the First Amended Complaint.

9. "Copyright work" or "copyright services" refers to legal services related to copyright, including copyright registration and counseling that You allege You provide in paragraphs 7-8 of the First Amended Complaint.

10. "Corporate work," or "corporate services" refers to legal services related to corporate formation, and stock or equity restructuring that You allege You provide in paragraphs 7-8 of the First Amended Complaint.

11. "Litigation," or "Action," refers to the above-captioned lawsuit, Case No. 4:18-cv-02573-YGR in the U.S. District Court for the Northern District of California, filed by RAPC and Trademarkia against UpCounsel on May 2, 2018.

12. "Complaint," "First Amended Complaint," or "FAC" refers to the First Amended Complaint, Dkt. No. 45 in this Action, which RAPC and Trademarkia filed on September 11, 2018.

13. "Other Lawsuits" or "Related Litigation" refers to the actions that You filed against Your alleged competitors and/or Individual Attorneys, including the state court action captioned *LegalForce RAPC Worldwide P.C. et al. v. Elizabeth J. Oliner, et al.*, Case No. 18CV332509 pending in the Superior Court for the State of California in and for the County of Santa Clara, and the following federal court actions: *RAPC Worldwide, P.C. et al. v. LegalZoom.Com, Inc. et al.*, No. 3:17-cv-07194-MMC (N.D. Cal. Dec. 19, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Trademark Engine LLC et al.*, No. 3:17-cv-07303-MMC (N.D. Cal. Dec. 26, 2017); *LegalForce RAPC Worldwide, P.C. et al. v. Swyers et al.*, No. 3:17-cv-07318-MMC (N.D. Cal. Dec. 27, 2017); *LegalForce RAPC Worldwide, P.C. et al. v. FileMy,*

1307311

*LLC et al.*, No. 3:17-cv-07331-MMC (N.D. Cal. Dec. 27, 2017); *LegalForce RAPC Worldwide, P.C. et al. v. Trademarks Information International LLC et al.*, No. 3:17-cv-07354-MMC (N.D. Cal. Dec. 28, 2017); *LegalForce RAPC Worldwide, P.C. et al v. Demassa*, No. 3:18-cv-00043-MMC (N.D. Cal. Jan. 3, 2018); *LegalForce RAPC Worldwide, P.C. et al. v. Iacob et al.*, No. 3:18-cv-00127-MMC (N.D. Cal. Jan. 5, 2018); *LegalForce RAPC Worldwide, P.C. et al. v. MyCorporation Business Services, Inc. et al.*, No. 3:18-cv-00142-MMC (N.D. Cal. Jan. 8, 2018).

14.     "Document" or "documents" means any original and every non-identical copy, draft or reproduction of any document, writing or record within the broad context of Rule 34 of the Federal Rules of Civil Procedure, in the possession, custody or control of Plaintiffs or their agents, assigns, or representatives, including, for example, but not limited to: correspondence, telegrams, memoranda, communications, minutes or records of meetings and conferences, lists of persons attending meetings or conferences, summaries, records of conversations, text messages, slack messages, instant messaging that logs, social media postings, social media messages, statements, announcements, tape recordings, audio recordings, electronic voice message recordings, motion pictures, video recordings, drafts, notes, notebooks, logs, drawings, graphs, charts, photographs, data compilations, intake forms, time cards, computer records or printouts, facsimile, email or other electronic communications (including their metadata), computer files, reports, opinions, and summaries, whether printed, recorded, written by hand, stored electronically or on computer disc or in some other tangible medium of expression from which the information can be retrieved, perceived or understood.

15.     "Communication" or "communications" shall refer to every manner or method of disclosure or transfer or exchange of information however made.  This includes but is not limited to communications conducted in person, by telephone, mail, email, voicemail, facsimile, chat, text message, slack message, personal delivery or otherwise.

16.     "Person(s)" or "entit(ies)" means any individual or firm, association, joint venture, trust, partnership, corporation, or other collective organization.

17.     "Third party" and "third parties" mean any person or entity other than RAPC, Trademarkia, and UpCounsel, including without limitation customers, potential customers,

1307311

lenders, creditors, potential lenders, potential creditors, licensors, potential licensors, licensees, potential licensees, investment analysts, media outlets, development partners, joint venturers.

18.     "Relate to," "relating to," and "related to" includes, without limitation, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, comprising, constituting, evidencing, memorializing, pertaining to, and/or supporting.

19.     "Include(s)" and "including" shall be construed to mean "without limitation."

20.     "Identify" means to establish the identity of some person and/or the nature and definitive characteristics of something, with as much specificity as possible.  For a person or entity, "identify" further means to provide the full name, last known address, and last known telephone number of the person or entity, or as much of that information that is available to You after a reasonable and diligent search.  For a document, "identify" further means that You are required to provide, to the extent applicable, the (i) type of document; (ii) date of the document; (iii) author(s), addressee(s) and recipient(s); and (iv) any Bates number assigned to the document in this action.

21.     "Date" means the exact day, month, and year, to the extent known or, if unknown, Plaintiffs' best approximation thereof.

22.     "All," "any," and "each" are interchangeable, and shall each be construed as encompassing any and all.

23.     The use of the singular form of any word includes the plural and vice versa.

24.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

25.     All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

## INSTRUCTIONS

1.     Produce all documents in Your possession, custody or control, including information in the possession of Your attorneys, or other persons directly or indirectly employed or retained by You, or connected with You or Your attorneys, or anyone else acting on Your

4

1307311

behalf or otherwise subject to Your control.  You must provide the original of each document and each non-identical copy of each document or other tangible thing that is in Your possession.

2.      Respond separately to each request.  If You cannot respond to any document request in full, respond to the fullest extent possible, explain why You cannot respond to the remainder, and describe the nature of the documents that You cannot produce.

3.      Electronically stored information ("ESI") must be produced in a searchable format that retains both data and metadata, and must comply with any stipulation the parties enter into regarding ESI.

4.      Each document and/or thing produced shall be produced as it is kept in the usual course of business, including all file folders, binders, notebooks and other devices by which such papers or things may be organized or separated, or shall be organized and labeled to correspond with the categories of each demand to which the produced documents are responsive.

5.      A representation of inability to comply with a particular demand shall affirm that a diligent search and a reasonable inquiry have been made.  The statement shall also specify whether the inability to comply is because the item has never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or no longer is, in Your possession, custody, or control.  If the item is not in Your possession, custody, or control, the statement shall specify the name and address of any natural person or organization believed to have such possession, custody, or control.

6.      If You or Your counsel objects to any demand, please set forth the extent of and specific ground for the objection. If an objection relates to only a portion of a demand, or a word, phrase, or clause contained within it, please to state Your objection to that portion only and to respond with a statement of compliance, or a representation of Your inability to comply, with respect to the remainder of the demand.

7.      For any document or thing otherwise responsive to these requests that You withhold on the grounds of a claim of attorney–client privilege, work product immunity, or some other privilege or immunity, provide a privilege log that provides sufficient detail to enable the claim of privilege or immunity to be adjudicated, including:

(a)     all persons making or receiving the privileged or protected communication;

(b)     the date of the communication;

(c)     the subject matter of the communication; and

(d)     the basis for the privilege or immunity.

8.     If no documents or things are responsive to a particular request, You are to state that no responsive documents or things exist.

9.     Any documents redacted for privilege should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated and included within a privilege log.

10.     In the event You claim a request is overbroad, You shall produce documents and things responsive to that portion of the request which You believe is unobjectionable and specifically identify the respect in which the request is allegedly overbroad.  If You contend a request, definition, or instruction is vague or ambiguous, You should identify what language is considered ambiguous and state the interpretation used in responding.

11.     If You or Your attorney know of the existence, past or present, of a requested document but such document is not currently in Your possession, custody, or control, or in the possession, custody, or control of Your agents, representatives, or attorneys, identify the document and the person in whose possession, custody, or control the document was last known to reside.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

12.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

13.     The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these requests any information which might otherwise be considered beyond its scope.

6

1307311

14. If subsequent to service of an answer or objection to any request, You obtain or become aware of further documents or things relating to said request, You are required to serve an amended answer producing such documents or things, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

15. Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these requests or as an admission at the trial of the relevance or materiality of any of the matters covered by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Organization chart(s) sufficient to show the relationship(s) among the various LegalForce entities and their owners and subsidiaries, including but not limited to RAPC, Trademarkia, and LegalForce One.

**REQUEST FOR PRODUCTION NO. 2:**

Organization chart(s) sufficient to identify Your employees and their roles and reporting structures.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and communications related to the supposed "offer for venture capital funding . . . for $500,000," as alleged in paragraph 14 of Your FAC.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and communications related to "requests . . . made by the venture capitalists that LegalForce" adopt its business model "to permit markup of attorney fees," as alleged in paragraph 15 of Your FAC.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and communications that You have sent, presented to, or received from a potential or actual investor or venture capitalist relating to Your business model(s).

**REQUEST FOR PRODUCTION NO. 6:**

Documents and communications that You have sent to or received from law firms, ethics

1307311

experts, state bar(s), and/or the USPTO relating to Your business model(s).

**REQUEST FOR PRODUCTION NO. 7:**

Documents and communications that You have sent to or received from law firms, ethics experts, state bar(s), and/or the USPTO relating to UpCounsel or its business model, or the Individual Attorneys.

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications related to any efforts by You or on Your behalf to start a marketplace for online legal services since 2007, including but not limited to LegalForce One.

**REQUEST FOR PRODUCTION NO. 9:**

Communications You have sent to or received from any Individual Attorneys, including communications with attorneys acting on their behalf.  (You need not produce communications You or Your lawyers have had directly with Keker, Van Nest & Peters attorneys.)

**REQUEST FOR PRODUCTION NO. 10:**

Communications You have sent to or received from persons who have used UpCounsel to find an attorney, including persons who have retained any Individual Attorneys.

**REQUEST FOR PRODUCTION NO. 11:**

Documents, including Your internal meeting minutes or strategy documents, explaining the goals or purposes of this Litigation or Related Litigation.

**REQUEST FOR PRODUCTION NO. 12:**

Communications You have sent to or received from any ethics experts, state bar, or the USPTO regarding complaints about or investigations into You, Your companies, or Your employees.

**REQUEST FOR PRODUCTION NO. 13:**

Communications You have sent to or received from any ethics experts, state bar, or the USPTO regarding complaints You have lodged about UpCounsel, its business model, or any Individual Attorneys.

**REQUEST FOR PRODUCTION NO. 14:**

Documents or communications related to any investigation or analysis undertaken by You

8

or at Your direction at any time regarding actual or potential violation of Your obligation to any state bar or the USPTO by You, Your companies, or Your employees.

**REQUEST FOR PRODUCTION NO. 15:**

Documents or communications related to any investigation or analysis undertaken by You or at Your direction at any time regarding actual or potential violation of UpCounsel's or the Individual Attorneys' obligation to any state bar or the USPTO by You, Your companies, or Your employees.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to demonstrate Your annual revenues and profits since 2008, including breakdowns that demonstrate the amount and proportion of Your revenues and profits that came from trademark, patent, copyright, or corporate services.

**REQUEST FOR PRODUCTION NO. 17:**

Documents that demonstrate, on a month-by-month basis, the total number of visits to Your website(s) from 2008 to the present, including the number of visits to sections of those websites that provide trademark, patent, copyright, or corporate services.

**REQUEST FOR PRODUCTION NO. 18:**

Documents and communications that demonstrate the "market share decline from nearly 3% of all U.S. trademarks filed in the United States in 2011 to approximately 1.8% in 2017," that You allege to have experienced in paragraph 115 of Your FAC.

**REQUEST FOR PRODUCTION NO. 19:**

Documents and communications that demonstrate the "lost market share of approximately 1.1% of the overall trademark market since 2011," that You alleged RAPC experienced in paragraph 115 of Your FAC.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to demonstrate Your marketing and advertising spend, on an annual basis since 2008.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show the number of new clients You retained on an annual basis

1   since 2008.

2   **REQUEST FOR PRODUCTION NO. 22:**

3   Documents sufficient to demonstrate Your "costs per client acquisition" since 2008, as

4   that term is used in paragraph 116 of the FAC, including breakdowns that demonstrate what

5   portions of the costs are attributable to which marketing and advertising efforts You have

6   engaged in.

7   **REQUEST FOR PRODUCTION NO. 23:**

8   Documents related to Your evaluation, assessment, or analysis of the impact of

9   UpCounsel on Your marketing and advertising spend.

10  **REQUEST FOR PRODUCTION NO. 24:**

11  Documents related to Your evaluation, assessment, or analysis of the impact of

12  UpCounsel on Your revenues, costs, profits, and/or market share.

13  **REQUEST FOR PRODUCTION NO. 25:**

14  Documents, including published articles, YouTube videos, or posts on blogs, LinkedIn,

15  Facebook, or other social media platforms, containing any public statement You have made about

16  UpCounsel, UpCounsel's business model, or any Individual Attorneys.

17  **REQUEST FOR PRODUCTION NO. 26:**

18  Communications related to or discussed UpCounsel, UpCounsel's business model, or any

19  Individual Attorneys.

20  **REQUEST FOR PRODUCTION NO. 27:**

21  Documents, including emails, published articles, YouTube videos, or posts on blogs,

22  LinkedIn, Facebook, or the like, containing any public description of this Litigation or Related

23  Litigation.

24  **REQUEST FOR PRODUCTION NO. 28:**

25  Communications that discussed this Litigation or the state court action captioned

26  *LegalForce RAPC Worldwide P.C. et al. v. Elizabeth J. Oliner, et al.*, Case No. 18CV332509

27  pending in the Superior Court for the State of California in and for the County of Santa Clara,

28  including but not limited to analysis of the purposes or merits of those lawsuits. (You need not

10

1307311

produce communications You or Your lawyers have had directly with Keker, Van Nest & Peters attorneys.)

**REQUEST FOR PRODUCTION NO. 29:**

Documents and communications You have received in response to third-party subpoenas You have served in connection with this Litigation.

**REQUEST FOR PRODUCTION NO. 30:**

Documents and communications You have obtained as part of Your discovery efforts for this Litigation and Related Litigation related to UpCounsel, UpCounsel's business model, or any Individual Attorneys.

Dated:  October 23, 2018                              KEKER, VAN NEST & PETERS LLP

                                      By:    */s/ Simona A. Agnolucci*
                                             SIMONA A. AGNOLUCCI
                                             NICHOLAS D. MARAIS
                                             ABRAHAM H. FINE
                                             JESSELYN K. FRILEY

                                             Attorneys for Defendant
                                             UPCOUNSEL, INC.

1307311

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On October 23, 2018, I served the following document(s):

- **DEFENDANT UPCOUNSEL, INC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF LEGALFORCE, INC. (Nos. 1-30)**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

Raj V. Abhyanker
**LegalForce RAPC Worldwide, P.C.**
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
(650) 965-8731
raj@legalforcelaw.com

Executed on October 23, 2018, at San Francisco, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Alisa Thompson

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
LEGALFORCE, INC.
Case No. 4:18-cv-02573-YGR

1307311

RAJ V. ABHYANKER, California SBN 233284
Email: raj@legalforcelaw.com
WENSHENG MA, California SBN 299961
Email: vincent@legalforcelaw.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:   (650) 965-8731
Facsimile:    (650) 989-2131

Attorney for Plaintiffs,
LegalForce RAPC Worldwide, P.C. and
LegalForce, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C. and LEGALFORCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UPCOUNSEL, INC.; and DOES 1-1000, INCLUSIVE, <br><br> Defendants. | Case No.:  4:18-cv-02573-YGR <br><br> **PLAINTIFF LEGALFORCE, INC's RESPONSE TO DEFENDANT UPCOUNSEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   UPCOUNSEL, INC.

RESPONDING PARTY:    LEGALFORCE, INC.

SET NUMBER:        ONE (1)

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Civil Local Rules of the United States District Court for the Northern District of California , Plaintiff LegalForce, Inc. ("Trademarkia") hereby responds to Defendant UpCounsel, Inc. ("UpCounsel")'s  First Set of

Requests for Production (Nos. 1-30).

I. **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1. Each of Trademarkia's responses is subject to, and incorporates, the following general statement and objections. Trademarkia specifically incorporates each of these general objections into its responses to each of UpCounsel's document requests, whether or not each such general objection is expressly referred to in Trademarkia's response to a specific request.

2. An agreement to produce responsive documents or things in the responses below means only that Trademarkia will produce relevant and responsive non-privileged documents or things within its possession, custody or control that it identifies after a reasonable search and diligent inquiry, and is not a representation that any such responsive documents or things exist.

3. Trademarkia objects to the instructions, definitions, and requests for production because they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules of Civil Procedure and the Local Rules. Trademarkia's responses will be provided in accordance with the Federal Rules of Civil Procedure and the Local Rules.

4. Trademarkia objects to any production request because it seeks information, documents or things protected from discovery under: (a) the attorney-client privilege; (b) the attorney work-product doctrine; (c) the common-interest and joint-defense doctrines; and/or (d) any other applicable privilege, doctrine, or immunity or protection from disclosure afforded by state or federal law. The inadvertent production by Trademarkia of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by Trademarkia of such protections.

5. Trademarkia objects to any request because it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon Trademarkia any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or order. In particular, Trademarkia objects to any request because it calls for information not relevant to the claims or defenses of the parties, or proportional to the needs of this case.

6. Trademarkia objects to each request because it is vague, ambiguous, overbroad, or

unduly burdensome as to the timeframe.

7.   Trademarkia objects to any request because it seeks the premature disclosure of expert opinions or analysis. Trademarkia will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

8.   Trademarkia objects to any request because it purports to attribute any special or unusual meaning to any term or phrase.

9.   Trademarkia objects to any instruction or request because it would impose a duty on Trademarkia to undertake a search for, or an evaluation of, information, documents, or things for which UpCounsel is equally able to search for and evaluate, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of UpCounsel.

10. Trademarkia objects to producing documents or things to UpCounsel's counsel at the time these responses are served because doing so, in light of the overall number and breadth of UpCounsel's discovery requests, would be unduly burdensome and oppressive. Subject to the objections stated in these responses, and because Trademarkia has agreed to produce responsive documents or things, Trademarkia will produce such documents or things, because they exist and are identified after a reasonable and diligent search, at a date and location to be agreed upon by counsel and in accordance with whatever scheduling order the Court ultimately enters in this action.

11. Trademarkia objects to any instruction or request as unduly burdensome and oppressive because it seeks documents or things which Trademarkia does not track and prepare in the regular course of business. An agreement by Trademarkia to produce a document or things for purposes of this litigation does not waive this objection.

12. Trademarkia objects to any request that seeks information or things containing or reflecting proprietary information, trade secrets, or other confidential information belonging to Trademarkia, or such information provided to Trademarkia by any third party under an obligation of confidentiality, except as permitted by and pursuant to the terms of the Stipulated

Protective Order entered by the Court on October 11, 2018 as Docket No. 54 (the "Protective Order") governing and limiting the dissemination and use of such information.

13. Trademarkia objects to the requests because they seek confidential, proprietary, or trade secret information of third parties.

14. Trademarkia's objections and responses to these requests are not intended to waive or prejudice any objections Trademarkia may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any request, or as to the admissibility of any information or category of information at trial or in any other proceedings. Trademarkia expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules. The failure to assert such rights and privileges, or the inadvertent disclosure by Trademarkia of information protected by such rights and privileges, shall not constitute a waiver thereof, either related to these responses or any future discovery responses or objections.

15. Trademarkia objects to any request because it requires Trademarkia to search, review, and produce emails or other electronic documents outside the scope of the Federal Rules of Civil Procedure, the existing Court orders, and agreements of the parties concerning the production of electronically stored information in this action, and any other relevant rules or orders.

16. Trademarkia objects to UpCounsel's "Definitions" and to any request because they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties. Trademarkia's responses to each of UpCounsel's requests shall not constitute an admission or concession to any of the definitions, terms, and phrases used therein.

17. By responding to any request, Trademarkia does not concede the relevance or admissibility of any of the information provided.

18. By responding to any request, Trademarkia does not assume the burden of persuasion or burden of production as to any issue therein.

19. Trademarkia has responded to the requests as it interprets and understands them. If

4

Plaintiff Legalforce Inc's Response To Defendant Upcounsel, Inc.'s
First Set Of Requests For Production Of Documents
Case No.: 4:18-cv-02573-YGR

UpCounsel subsequently asserts an interpretation of any request that differs from Trademarkia's understanding of that request, Trademarkia reserves the right to supplement its objections and/or responses.

20. Trademarkia further objections to these Requests because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of employees at Trademarkia and its external counsel at co-plaintiff LegalForce RAPC Worldwide P.C. ("RAPC").

21. Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter.

22. Discovery in this matter is ongoing. Accordingly, Trademarkia reserves the right to change, amend, or supplement any or all of the matters contained and/or documents produced pursuant to these responses as Trademarkia's investigation continues, additional facts are ascertained, analyses are made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

## II.     OBJECTIONS TO DEFINITIONS

1.   Trademarkia objects to the definitions of "You," "Your," or the "LegalForce entities" as referring to "RAPC, Trademarkia, and LegalForce One, collectively, and all of their present or former subsidiaries, parents, divisions, and/or affiliates, as well as their present or former agents, partners, associates, employees, representatives, or other persons acting or purporting to act on its behalf" because the definition is unclear, confusing, overbroad, excessively burdensome, untenable, illogical, and made in bad faith. For example, Trademarkia is co-plaintiff and a separate company from RAPC. It is illogical for UpCounsel to define "You" or "Your" in this RFP to include Trademarkia "collectively", when UpCounsel has already separately propounded RFP against Trademarkia. Moreover, LegalForce One appears to be referring to a corporation that has been dissolved.

2.   Trademarkia objects to the definition of "Individual Attorneys" referring to all attorneys who have listed themselves on, or provided legal services via, any web pages hosted at the

UpCounsel.com domain, because the definition is unclear, confusing, overbroad, excessively burdensome, untenable, illogical, requested in bad faith, and purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority. For example, there are over 59,000 web pages on UpCounsel.com and a vast majority of these pages list attorneys. It would be unreasonable for Trademarkia to find out who this request is asking for given the breadth of the UpCounsel website. In addition, some persons fitting into this definition of "Individual Attorneys" are current or former employees of and a shareholder to Trademarkia.

3.   Trademarkia objects to the definitions of "Other Lawsuits" or "Related Litigation" because the definition is inconsistent with federal Judge Chesney's ruling in 3:17-cv-07194-MMC that the present case is unrelated to the identified cases, as well as being unclear, confusing, overbroad, excessively burdensome, untenable, illogical, requested in bad faith, and purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

4.   Trademarkia objects to the definitions of "Third party" and "third parties" meaning any person or entity other than RAPC, Trademarkia, and UpCounsel, including, without limitation, customers, potential customers, lenders, creditors, potential lenders, potential creditors, licensors, potential licensors, licensees, potential licensees, investment analysts, media outlets, development partners, or joint venturers because it is unclear, confusing, overbroad, excessively burdensome, untenable, illogical, requested in bad faith, and purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

5.   Trademarkia objects to the definition of "document" because it purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

6.   Trademarkia objects to the definition of "communication" as overbroad, vague, and ambiguous as it results in Requests that are irrelevant to any party's claims or defenses and disproportionate to the needs of the case.

7.   Trademarkia will respond to the Requests for Production consistent with its obligations under the Federal Rules of Civil Procedure, the Local Rules, and applicable authority.

## III.   OBJECTIONS TO INSTRUCTIONS

Trademarkia objects to the instruction of requesting a privilege log on any documents withheld on the grounds of a claim of attorney-client privilege, work product immunity, or some other privilege or immunity  because it includes communication between external counsel in this case and their clients and amongst themselves, is unclear, confusing, overbroad, excessively burdensome, untenable, illogical, requested in bad faith, and purports to include forms of information not discoverable under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority. A privilege log would require preparation of tens of thousands, and possibly over one-hundred thousand entries, which would be excessively burdensome, expensive, wasteful, and not reasonably likely to lead to admissible evidence.

## IV.   SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

Organization chart(s) sufficient to show the relationship(s) among the various LegalForce entities and their owners and subsidiaries, including but not limited to RAPC, Trademarkia, and LegalForce One.

### RESPONSE TO REQUEST NO. 1:

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because  it is vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks irrelevant human resources documents. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "show the relationship(s)" and "including but not limited to RAPC, Trademarkia, and LegalForce One."

Trademarkia further objects to this Request because its goal is to extract, for improper

purposes, confidential or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy of individuals and Trademarkia.

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 2:**

Organization chart(s) sufficient to identify Your employees and their roles and reporting structures.

**RESPONSE TO REQUEST NO. 2:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks irrelevant human resources documents. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "Your employees."

Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objects to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy of individuals and Trademarkia.

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 3:**

Documents and communications related to the supposed "offer for venture capital funding for $500,000," as alleged in paragraph 14 of Your FAC.

**RESPONSE TO REQUEST NO. 3:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, Trademarkia is willing to provide all responsive documents and communications related to this question. Trademarkia has determined that the best available source with metadata preserved for these documents is a backup of a Google gmail account archived at "jolly.rallp@gmail.com", made on or about November 2009, which memorialized previous emails sent and received between 2006 and 2009 that are responsive to this production request, originals of which have long been destroyed years prior to this dispute. Trademarkia is willing to share all responsive documents from the "jolly.rallp@gmail.com" email archive through the third-party forensics vendor Jon Berryhill at Berryhill Computer Forensics with all available metadata intact to ensure a proper custodial chain, subject to relevance and privilege review by Trademarkia counsel after confirmation from UpCounsel that the criteria below is acceptable:

> All emails and attachments stored in "jolly.rallp@gmail.com" between the time period of 2006 and 2009 having the words "kevin compton", "$500K", or "venture capital."

Trademarkia believes the criteria above yields a complete and thorough search for available documents and communications responsive to this production request. Trademarkia has comprehensively searched other locations and sources and has found no other sources in its custody or control where responsive documents and communications may be located that are relevant to this time period described in the FAC. Subject to and without waiving the foregoing general and specific objections, Trademarkia awaits confirmation of the criteria described above (or a clear and concrete suggested alternative proposal) to produce all responsive documents and communications to this Request.

**REQUEST NO. 4:**

1

2   Documents and communications related to "requests . . . made by the venture capitalists

3   that LegalForce" adopt its business model "to permit markup of attorney fees," as alleged in

3   paragraph 15 of Your FAC.

4   **RESPONSE TO REQUEST NO. 4:**

5   Trademarkia incorporates each of its General Objections and Objections to Definitions

6   and Instructions as if fully set forth here. Subject to and without waiving the foregoing general

7   and specific objections, Trademarkia is willing to provide all responsive documents and

8   communications related to this question. Trademarkia has determined that the best available

9   source with metadata preserved for these documents is a backup of a Google gmail account

10   archived at "jolly.rallp@gmail.com", made on or about November 2009, which memorialized

11   previous emails sent and received between 2006 and 2009 that are responsive to this production

12   request, originals of which have long been destroyed years prior to this dispute. Trademarkia is

13   willing to share all responsive documents from the "jolly.rallp@gmail.com" email archive

14   through the third-party forensics vendor Jon Berryhill at Berryhill Computer Forensics with all

15   available metadata intact to ensure a proper custodial chain, subject to relevance and privilege

16   review by Trademarkia counsel after confirmation from UpCounsel that the criteria below is

17   acceptable:

18   *All emails and attachments stored in "jolly.rallp@gmail.com" between the time*

19   *period of 2006 and 2009 having the words "fee sharing", "markup", and*

20   *"legalforce", "fenwick", "Gordy", "eLance", or "licensing issues".*

21   Trademarkia believes the criteria above yields a complete and thorough search for

22   available documents and communications responsive to this production request. Trademarkia

23   has comprehensively searched other locations and sources and has found no other sources in its

24   custody or control where responsive documents and communications may be located that are

25   relevant to this time period described in the FAC. Subject to and without waiving the foregoing

26   general and specific objections, Trademarkia awaits confirmation of the criteria described above

27   (or a clear and concrete suggested alternative proposal) to produce all responsive documents and

28   communications to this Request.

**REQUEST NO. 5:**

Documents and communications that You have sent, presented to, or received from a potential or actual investor or venture capitalist relating to Your business model(s).

**RESPONSE TO REQUEST NO. 5:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "Your business model(s)."

Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy of individuals and Trademarkia.

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 6:**

Documents and communications that You have sent to or received from law firms, ethics experts, state bar(s), and/or the USPTO relating to Your business model(s).

**RESPONSE TO REQUEST NO. 6:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not

related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "ethics experts", "Your business model(s)."

Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy of individuals and Trademarkia.

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 7:**

Documents and communications that You have sent to or received from law firms, ethics experts, state bar(s), and/or the USPTO relating to UpCounsel or its business model, or the Individual Attorneys.

**RESPONSE TO REQUEST NO. 7:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks

documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "ethics experts" and "Individual Attorneys".

Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy and attorney-client privilege of individuals at Trademarkia and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 8:**

Documents and communications related to any efforts by You or on Your behalf to start a marketplace for online legal services since 2007, including but not limited to LegalForce One.

**RESPONSE TO REQUEST NO. 8:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, Trademarkia is willing to provide all responsive documents and communications related to this question. Trademarkia has determined that best available source with metadata preserved for these documents is a backup of a Google gmail account archived at "jolly.rallp@gmail.com", made on or about November 2009, which memorialized previous emails sent and received between 2006 and 2009 that are responsive to this production request, originals of which have long been destroyed years prior to this dispute. Trademarkia is willing to share all responsive documents from the "jolly.rallp@gmail.com" email archive through the third-party forensics vendor Jon Berryhill at Berryhill Computer Forensics with all available metadata intact to ensure a proper custodial chain, subject to relevance and privilege review by Trademarkia counsel after confirmation from UpCounsel that the criteria below is acceptable:

1

2

3

*All emails and attachments stored in "jolly.rallp@gmail.com" between the time period of 2006 and 2009 having the words "legalforce", "marketplace", and "legal services".*

4

5

6

7

8

9

10

11

Trademarkia believes the criteria above yields a complete and thorough search for available documents and communications responsive to this production request. Trademarkia has comprehensively searched other locations and sources and has found no other sources in its custody or control where responsive documents and communications may be located that are relevant to this time period described in the FAC. Subject to and without waiving the foregoing general and specific objections, Trademarkia awaits confirmation of the criteria described above (or a clear and concrete suggested alternative proposal) to produce all responsive documents and communications to this Request.

12

**REQUEST NO. 9:**

13

14

15

Communications You have sent to or received from any Individual Attorneys, including communications with attorneys acting on their behalf. (You need not produce communications You or Your lawyers have had directly with Keker, Van Nest & Peters attorneys.)

16

**RESPONSE TO REQUEST NO. 9:**

17

18

19

20

21

22

23

24

25

26

27

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "with attorneys acting on their behalf" and "Individual Attorneys".

28

Trademarkia objects to this Request because it is harassing, and calls for discovery in the

state court litigation where discovery has been stayed. Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to Trademarkia's and "Individual Attorneys" business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of Trademarkia and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 10:**

Communications You have sent to or received from persons who have used UpCounsel to find an attorney, including persons who have retained any Individual Attorneys.

**RESPONSE TO REQUEST NO. 10:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "persons", "used", and "Individual Attorneys".

Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Trademarkia further objects to this Request because its goal is to

extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to Trademarkia's and "Individual Attorneys" business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of Trademarkia and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 11:**

Documents, including Your internal meeting minutes or strategy documents, explaining the goals or purposes of this Litigation or Related Litigation.

**RESPONSE TO REQUEST NO. 11:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "meeting minutes", and "strategy documents."

Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of employees at

Trademarkia and its external counsel at RAPC.

**REQUEST NO. 12:**

Communications You have sent to or received from any ethics experts, state bar, or the USPTO regarding complaints about or investigations into You, Your companies, or Your employees.

**RESPONSE TO REQUEST NO. 12:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "investigations into You, Your companies, or Your employees."

Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of employees at Trademarkia and its external counsel at RAPC.

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 13:**

Communications You have sent to or received from any ethics experts, state bar, or the

USPTO regarding complaints You have lodged about UpCounsel, its business model, or any Individual Attorneys.

**RESPONSE TO REQUEST NO. 13:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "business model", "lodged", and "Individual Attorneys". Moreover, private parties cannot lodge "complaints", only the State Bar and the USPTO can and therefore this request is vague.

Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to Trademarkia's and "Individual Attorneys" business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of Trademarkia and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 14:**

Documents or communications related to any investigation or analysis undertaken by

You or at Your direction at any time regarding actual or potential violation of Your obligation to any state bar or the USPTO by You, Your companies, or Your employees.

**RESPONSE TO REQUEST NO. 14:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "potential", "investigation", and "analysis."

Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of employees at Trademarkia and its external counsel at RAPC.

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 15:**

Documents or communications related to any investigation or analysis undertaken by You or at Your direction at any time regarding actual or potential violation of UpCounsel's or the Individual Attorneys' obligation to any state bar or the USPTO by You, Your companies, or Your employees.

**RESPONSE TO REQUEST NO. 15:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, protected by the attorney-client privilege or attorney work product privilege, not related to any causes of actions or defenses asserted in this litigation, vague as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "potential", "investigation", and "analysis", and "Individual Attorneys".

Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential, attorney-client privileged, or proprietary information pertaining to Trademarkia's and "Individual Attorneys" business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because it seeks confidential or proprietary information which would impinge on the right to privacy, confidentiality, and attorney-client privilege of Trademarkia and of "Individual Attorneys."

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 16:**

Documents sufficient to demonstrate Your annual revenues and profits since 2008, including breakdowns that demonstrate the amount and proportion of Your revenues and profits that came from trademark, patent, copyright, or corporate services.

**RESPONSE TO REQUEST NO. 16:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, Trademarkia has not and does not have any revenues and profits from legal services including any legal services in the practice of U.S. trademark law, patent law, copyright law, or corporate law. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 17:**

Documents that demonstrate, on a month-by-month basis, the total number of visits to Your website(s) from 2008 to the present, including the number of visits to sections of those websites that provide trademark, patent, copyright, or corporate services.

**RESPONSE TO REQUEST NO. 17:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is overbroad as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence. In addition, Trademarkia objects to this Request as unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks irrelevant documents. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe. Trademarkia further objects to this Request as vague and ambiguous, including the terms "month-by-month", "basis", "total number of visits", and "Your website(s)".

Trademarkia also objects to this request because it seeks the premature disclosure of expert opinions or analysis. Trademarkia will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth.

Trademarkia further objects to this Request because its goal is to extract, for improper purposes, confidential or proprietary information pertaining to Trademarkia's business, trade secrets, and/or economic relationships. Trademarkia further objections to this Request because

it seeks confidential or proprietary information that is irrelevant to the causes of action and defenses in this case.

Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 18:**

Documents and communications that demonstrate the "market share decline from nearly 3% of all U.S. trademarks filed in the United States in 2011 to approximately 1.8% in 2017," that You allege to have experienced in paragraph 115 of Your FAC.

**RESPONSE TO REQUEST NO. 18:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, Trademarkia has not and does not have any, and never has had, any market share from legal services including any legal services in the practice of U.S. trademark law. Therefore, this question is irrelevant as to Trademarkia. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 19:**

Documents and communications that demonstrate the "lost market share of approximately 1.1% of the overall trademark market since 2011," that You alleged Trademarkia experienced in paragraph 115 of Your FAC.

**RESPONSE TO REQUEST NO. 19:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Subject to and without waiving the foregoing general and specific objections, Trademarkia has not and does not have any, and never has had, any market share from legal services including any legal services in the practice of U.S. trademark law. Therefore, this question is irrelevant as to Trademarkia. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with

Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 20:**

Documents sufficient to demonstrate Your marketing and advertising spend, on an annual basis since 2008.

**RESPONSE TO REQUEST NO. 20:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is overbroad as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Trademarkia has not and does not itself purchase online or offline advertisements for legal services including any legal services related to the practice of U.S. trademark, patent law, or corporate law.  Therefore, this question is irrelevant as to Trademarkia. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 21:**

Documents sufficient to show the number of new clients You retained on an annual basis since 2008

**RESPONSE TO REQUEST NO. 21:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is overbroad as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Trademarkia has not and does not itself have any clients that have retained it for legal services including any legal services related to the practice of U.S. trademark, patent law, or corporate law.  Therefore, this question is irrelevant as to Trademarkia. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 22:**

Documents sufficient to demonstrate Your "costs per client acquisition" since 2008, as that term is used in paragraph 116 of the FAC, including breakdowns that demonstrate what portions of the costs are attributable to which marketing and advertising efforts You have engaged in.

**RESPONSE TO REQUEST NO. 22:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is overbroad as to time and scope, irrelevant, and not reasonably likely to lead to admissible evidence.   Subject to and without waiving the foregoing general and specific objections, Trademarkia has not and does not itself purchase online or offline advertisements for legal services including any legal services related to the practice of U.S. trademark, patent law, or corporate law.  Therefore, this question is irrelevant as to Trademarkia. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 23:**

Documents related to Your evaluation, assessment, or analysis of the impact of UpCounsel on Your marketing and advertising spend.

**RESPONSE TO REQUEST NO. 23:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to any request because it seeks the premature disclosure of expert opinions or analysis. Trademarkia will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 24:**

Documents related to Your evaluation, assessment, or analysis of the impact of UpCounsel on Your revenues, costs, profits, and/or market share.

**RESPONSE TO REQUEST NO. 24:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to any request because it seeks the premature disclosure of expert opinions or analysis. Trademarkia will disclose its experts' opinions and analyses in accordance with Federal Rules of Civil Procedure, the Local Rules, and the scheduling order that the Court will set forth. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 25:**

Documents, including published articles, YouTube videos, or posts on blogs, LinkedIn, Facebook, or other social media platforms, containing any public statement You have made about UpCounsel, UpCounsel's business model, or any Individual Attorneys.

**RESPONSE TO REQUEST NO. 25:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, and protected activity under the first amendment freedom of speech.

Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe and definition of "You" and "Individual Attorneys". Trademarkia further objects to this Request as vague and ambiguous, including the terms "other social media platforms", and "Individual Attorneys". Subject to and without waiving the foregoing general and specific objections, Trademarkia has already explained that Raj Abhyanker, in his personal capacity only and not on behalf of Trademarkia, has commented about UpCounsel, UpCounsel's business model, or any Individual Attorneys on his personal Twitter profile

(https://twitter.com/rajpatent) and his personal Linkedin profile (https://www.linkedin.com/in/rajthelawyer/), as well as reporter that might have called him.

**REQUEST NO. 26:**

Communications related to or discussed UpCounsel, UpCounsel's business model, or any Individual Attorneys.

**RESPONSE TO REQUEST NO. 26:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, and protected activity under the first amendment freedom of speech or attorney-client privilege. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe and definition of "Individual Attorneys".

Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 27:**

Documents, including emails, published articles, YouTube videos, or posts on blogs, LinkedIn, Facebook, or the like, containing any public description of this Litigation or Related Litigation.

**RESPONSE TO REQUEST NO. 27:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, and protected activity under the first amendment freedom of speech. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound,

and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe and scope. Trademarkia further objects to this Request as vague and ambiguous, including the terms "or the like" and "Related Litigation".

Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already explained that Raj Abhyanker, in his personal capacity only and not on behalf of Trademarkia, has commented about UpCounsel, UpCounsel's business model, or any Individual Attorneys on his personal Twitter profile (https://twitter.com/rajpatent) and his personal Linkedin profile (https://www.linkedin.com/in/rajthelawyer/), as well as reporter that might have called him.

**REQUEST NO. 28:**

Communications that discussed this Litigation or the state court action captioned LegalForce Trademarkia Worldwide P.C. et al. v. Elizabeth J. Oliner, et al., Case No. 18CV332509, pending in the Superior Court for the State of California in and for the County of Santa Clara, including but not limited to analysis of the purposes or merits of those lawsuits. (You need not produce communications You or Your lawyers have had directly with Keker, Van Nest & Peters attorneys.)

**RESPONSE TO REQUEST NO. 28:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, and calls for discovery in the state court litigation where discovery has been stayed. In addition, Trademarkia objects to this Request as overbroad, unduly burdensome, oppressive, compound, and seeking documents not relevant or proportional to the needs of this action, because it seeks documents not reasonably likely to lead to admissible evidence. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe and scope.

27

Plaintiff Legalforce Inc's Response To Defendant Upcounsel, Inc.'s
First Set Of Requests For Production Of Documents
Case No.: 4:18-cv-02573-YGR

Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed discovery in that matter. Subject to and without waiving the foregoing general and specific objections, Trademarkia has already met and conferred with Plaintiffs' counsel regarding this Request and explained its position.

**REQUEST NO. 29:**

Documents and communications You have received in response to third-party subpoenas You have served in connection with this Litigation.

**RESPONSE TO REQUEST NO. 29:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, and calls for attorney-client communications.   Moreover, Trademarkia has not yet served any subpoenas much less any third-party subpoenas in this case.

Subject to and without waiving the foregoing general and specific objections, Trademarkia has fully provided all responsive discovery production from third-parties served with subpoenas in this Litigation.

**REQUEST NO. 30:**

Documents and communications You have obtained as part of Your discovery efforts for this Litigation and Related Litigation related to UpCounsel, UpCounsel's business model, or any Individual Attorneys.

**RESPONSE TO REQUEST NO. 30:**

Trademarkia incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth here. Trademarkia objects to this Request because it is harassing, and calls for attorney-client communications. Trademarkia objects to this Request as overbroad, or unduly burdensome as to the timeframe and definition of "business model" and "Individual Attorneys".

Trademarkia objects to this Request because it is harassing and calls for discovery in the state court litigation, case number 18CV332509, before the Hon. Mary E. Arand, who stayed

discovery in that matter. Subject to and without waiving the foregoing general and specific objections, Trademarkia has fully provided all responsive discovery production from third-parties served with subpoenas in this Litigation.

Dated: November 5, 2018                         Respectfully submitted,
                                                LEGALFORCE RAPC WORLDWIDE P.C.


                                                ___/s/ Raj Abhyanker___
                                                Raj V. Abhyanker (233284)
                                                Attorney for Plaintiff:
                                                LegalForce RAPC Worldwide P.C.