1  RAJ V. ABHYANKER, California SBN 233284
   Email: raj@legalforcelaw.com
2  WENSHENG MA, California SBN 299961
   Email: vincent@legalforcelaw.com
3

4  LEGALFORCE RAPC WORLDWIDE, P.C.
   1580 W. El Camino Real, Suite 10
5  Mountain View, CA 94040
   Telephone: (650) 965-8731
6  Facsimile: (650) 989-2131

7
   Attorney for Plaintiffs,
8  LegalForce RAPC Worldwide, P.C. and
   LegalForce, Inc.
9

KEKER, VAN NEST & PETERS LLP
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
ABRAHAM H. FINE - # 292647
afine@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188


Attorneys for Defendant
UPCOUNSEL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.,<br><br>        Plaintiff,<br><br>    v.<br><br>UPCOUNSEL, INC.,<br><br>        Defendant. | Case No. 4:18-cv-02573-YGR<br><br>**AMENDED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**<br><br>Date Filed:  May 2, 2018<br><br>Trial Date:  September 30, 2019 |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.** **General Principles**

1.  The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(2) shall be applied in this case. The parties agree that to further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible per Fed R. Civ. P. 34(b)(1).

**B.** **ESI Disclosures**

1.  Along with a responding party's written responses to a requesting party's Requests for Production of Documents, or at a later time if agreed to in writing by the parties, each party shall disclose the custodians most likely to have relevant and accessible ESI that will be material to the disposition of this matter in their possession, custody or control. The custodians shall be identified by name and title.

**C.** **ESI Discovery Procedures**

1.  Search methodology.

    i.  The producing party shall search the ESI maintained by the custodians identified above.

    ii.  A producing party shall disclose what search terms, if any, were used to locate ESI likely to contain discoverable information. If search terms were not used, the producing party shall disclose the search methodology used to locate ESI likely to contain discoverable information.

2.  Format. The parties agree that ESI will be produced to the requesting party with searchable text in either (a) TIFF/Text/Metadata format or (b) as PDFs with load files (containing metadata) and separate document-level text files.  TIFF images shall be black and white and have a minimum DPI of 300; color JPGs may be reasonably requested after production by the receiving party where it would help the context of the document.  Text files shall be document level text files.  Excel files, AV files, and PowerPoint files may be produced natively, but will have an accompanying placeholder image, extracted text and required metadata fields.

1

3.     <u>De-duplication</u>.  Each producing party shall de-duplicate ESI on a global level (across all custodians) prior to production.  The basis for such de-duplication shall be the MD5 or SHA1 Hash values.  For generating either the MD5 or SHA1 hash values for email, the parties shall instruct their ESI processing vendors to take attachments into account for such hash value generation.  The custodians of deduplicated copies of documents should be included in the database load file, either in the CUSTODIAN field or, alternatively, in a field for duplicative or other custodians (e.g. DUPE CUSTODIAN).

4.     <u>Metadata fields</u>.  For Metadata load files, the parties agree that the following metadata fields shall be produced to the extent they exist for a particular document: BeginBates; EndBates; BeginAttach; EndAttach; Custodian; Dupe Custodian; Email Subject; Date Sent; Time Sent; Date Received; Time Received; Email From; Email To; Email CC; Email BCC; Conversation Index; Author; Last Author; Date Last Modified; Time Last Modified; Date Created; Time Created; File Name; File Extension; File Path; File Size; Title; Confidentiality; Page Count; MD5 Hash; Prod Volume; links to extracted text; links to native files where appropriate.

5.     <u>Attachments</u>.  Email attachments and embedded files must be mapped to their parent by the Document or Production number. If attachments and embedded files are combined with their parent documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded document must be included.

**D.     <u>Production of Physical Documents</u>**

1.     Documents or records which either were originally generated or instantiated as ESI but now only exist in physical hard-copy format, or documents or records that were originally generated in hard-copy format shall be converted to a single page .TIFF file or PDF file and produced following the same protocols set forth herein or otherwise agreed to by the parties.

**E.     <u>Privilege</u>**

1.     In an effort to avoid unnecessary expense and burden, the parties agree that, with respect to privileged or work-product information generated after the filing of the federal

complaint on May 2, 2018, parties are not required to include any such information in privilege logs.

2.      The production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3.      Nothing contained herein is intended or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**F.      Privilege Logs**

1.      Consistent with the Honorable Donna M. Ryu's Standing Order, a party that withholds any information on the basis that it is privileged or otherwise protected from discovery must produce a privilege log.

2.      If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to or the Court sets another date.  Privilege logs must be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified.  Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected.

3.      Communications involving trial counsel that poste-date the filing of the complaint need not be placed on a privilege log.  Failure to timely furnish a privilege log may be deemed a waiver of the privilege or protection.

3

AMENDED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER
Case No. 4:18-cv-02573-YGR

**G.**     **Redaction Logs**

1.     For each document that is redacted, in addition to providing the redacted version of the document, the parties agree to furnish logs which comply with the legal requirements under Federal Law, but at a minimum will include the following information:

a.     The Begin Production ID of the document.

b.     The End Production ID of the document.

c.     A description of why privilege is being asserted over the document, or some other explanation as to why the document was redacted, such as "Not Responsive to RFPs".

d.     If the document was redacted for privilege concerns, the type of privilege being asserted: (a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest.

2.     Redaction logs may be produced on a rolling basis or after all productions are complete, but prior to the close of discovery.  If the log(s) are produced after all productions are complete, the receiving party shall have thirty (30) days from the date of receipt to review and register complaints about said log(s), regardless of the date of the close of fact discovery.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: January 7, 2019                              Respectfully submitted,
                                                    LEGALFORCE RAPC WORLDWIDE P.C.

                                                    */s/ Raj V. Abhyanker*
                                                    Raj V. Abhyanker (233284)
                                                    Attorney for Plaintiff:
                                                    LegalForce RAPC Worldwide P.C.


Dated: January 7, 2019                              Respectfully submitted,
                                                    KEKER, VAN NEST & PETERS LLP


                                                    */s/ Nicholas D. Marais*
                                                    Nicholas D. Marais
                                                    Attorneys for Defendant

1

**CERTIFICATION OF CONCURRENCE FROM OTHER PARTIES**

2     I, Nicholas D. Marais, am the ECF user whose ID and password are being used to file this

3  AMENDED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED

4  INFORMATION AND [PROPOSED] ORDER.  In compliance with N.D. Cal. Civ. L.R. 5-

5  1(i)(3), I hereby attest that each of the signatories has concurred in the filing of this document and

6  has authorized the use of his or her electronic signature.

7

8                                            _/s/ Nicholas D. Marais_
                                             NICHOLAS D. MARAIS

9

10

11                          **O R D E R**

12  Pursuant to stipulation, IT IS SO ORDERED.

13

14  Dated:  January 8, 2019

15                                        The Honorable Donna M. Ryu
                                          United States Magistrate Judge

16



17

18

19

20

21

22

23

24

25

26

27

28

AMENDED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER
Case No. 4:18-cv-02573-YGR